[No. 10,663.—Department One.]

## THE PEOPLE *v.* JOHN MONAHAN.

ROBBERY—CONFUSED INSTRUCTIONS.—*Held:* The charge of the Court (set out in the opinion) was calculated to confuse the jury, and it must have been extremely difficult, if not impossible for them to determine from it what was the correct definition of the crime with which the defendant was charged.

APPEAL from a judgment of conviction, and from an order denying a new trial, and from an order denying a motion in arrest of judgment in the Superior Court of the City and County of San Francisco. FREELON, J.

*Charles B. Darwin,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

The COURT:

Defendant was convicted of robbery in the Superior Court of the City and County of San Francisco.

On the trial the Court, in its charge to the jury, used the following language: "It will only be necessary for me, I think, to read to you a definition or *two* from the Code, setting out what the offense here charged is. You can then apply the facts as you may find them to the definitions of the Code. The defendant is charged with robbery. Robbery is the felonious taking of personal property. In this case it is

charged that it was a five-dollar piece, I think, or four or five dollars, and a purse. Robbery is the felonious taking of personal property in the possession of another, or from his person. You have heard the testimony upon that point. Robbery is the felonious taking of personal property from the possession of another, or from his person, or from his immediate presence, accomplished by means of force or fear. The fear necessary to constitute a robbery may be either the fear of an unlawful injury to the person or property of the person robbed, or to any relatives of his or members of his family; or the fear which constitutes robbery may be the fear of an immediate and unlawful injury to the person or property of any one in the company of the person robbed. That is inapplicable to the testimony in this case. Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear. I think, unless some other charge is asked, that that is all that is necessary to give to the jury."

The above charge was calculated to confuse the jury, and it must have been extremely difficult, if not impossible, for them to determine from it what was the correct definition of the crime with which the defendant was charged.

Judgment and order reversed and cause remanded for a new trial.