[Crim No. 351. Second Appellate District.—November 27, 1914.]

## In Re E. S. POTTER, on HABEAS CORPUS.

CRIMINAL LAW—POISON ACT—ANT POISON CONTAINING ARSENIC— GROCERS AND DEALERS PROHIBITED FROM SELLING—CONSTRUCTION OF AMENDMENT OF JUNE 11, 1913.—The amendment approved June 11, 1913 (Stats. 1913, p. 694), to section 7 of the "Poison Act," which section, prior to this amendment, in schedule "A," included arsenic, its compounds and preparations, in a list of articles which might not lawfully be sold by persons other than licensed pharmacists, recognizes the existence of two classes of ant poison, some of which may contain poison enumerated in schedule "A" and others may be prepared without any of those poisons; and the first named class is thereby excluded from the ant poison which may be sold by grocers and dealers generally, notwithstanding the provisions of the so called insecticide and fungicide act approved May 1, 1911 (Stats. 1911, p. 1248), as amended June 2, 1913 (Stats. 1913, p. 363), in which amendment ant poison was included in a list of articles permitted to be sold by grocers and dealers generally without restriction.

APPLICATION for a Writ of Habeas Corpus, originally made in the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

Parker & Moote, for Petitioner.

John D. Fredericks, George L. McKeeby, John F. Davis, and Edward E. Leighton, for Respondent.

CONREY, P. J.—On writ of *habeas corpus* directed to the chief of police of the city of Los Angeles.

Petitioner is held under arrest by virtue of a criminal complaint charging him with a violation of the provisions of "an act to regulate the sale of poisons in the state of California and providing a penalty for the violation thereof," commonly known as the Poison Act. This petitioner is the same person who was the petitioner in the case of *In re Potter*, 164 Cal. 735, [130 Pac. 721]. The facts in that case are similar to those here presented and the statutes affecting the case are the same now as then, with the exceptions hereinafter noted. A certain act, referred to in the briefs in this case as the insecticide or fungicide act, approved May 1, 1911, was amended by an act approved June 2, 1913, by adding thereto a section numbered 14a. (Stats. 1911, p. 1248; Stats. 1913, p. 363.) In that new section "ant poison" was included in a list of articles permitted to be sold by grocers and dealers generally without restriction. Section 7 of the so-called Poison Act was amended June 11, 1913. (Stats. 1913, p. 694.) Prior to this amendment said section 7, in schedule "A" referred to therein, included "arsenic, its compounds and preparations," in a list of articles which might not lawfully be sold by persons situated as the petitioner, he not being a licensed pharmacist. Nevertheless, it was held by the decision above mentioned that under the permissive language contained in the so-called Pharmacy Act, the petitioner had a right to sell Kellogg's ant paste, an ant poison containing arsenic. It was declared that the Pharmacy Act and the Poison Act are statutes *in pari materia,* and that construing them together grocers such as the defendant were empowered to sell ant poisons "when prepared and sold only in original and unbroken packages and labeled with the official poison labels," even though they contained arsenic.

Subsequent to that decision, by the amendment approved June 11, 1913, to section 7 of the Poison Act, the legislature added to schedule "A" the following words: "Ant poison containing any of the poisons enumerated in this schedule." Petitioner claims that the addition of these words does not extend the meaning of the section, which already contained in the same list the words, "arsenic, its compounds and preparations." If this contention be sustained, the decision in the former case is fully applicable here.

We are of the opinion, however, that this latest and very specific expression of the will of the legislature recognizes the

existence of two classes of ant poisons, some of which may contain poisons enumerated in the schedule "A" and others may be prepared without any of those poisons.  The first named class is thereby excluded from the ant poisons which may be sold by grocers and dealers generally; and on the facts here presented may not lawfully be sold by the petitioner.

The writ is discharged and the petitioner is remanded to the custody of the chief of police of the city of Los Angeles.

James, J., and Shaw, J., concurred.