[Civ. No. 2055. Third Appellate District.—November 1, 1920.]

JASPER W. COLE, Respondent, v. M. BUX, Appellant.

[1] ACTION FOR SERVICES — LIABILITY OF DEFENDANT — CONFLICT OF EVIDENCE—APPEAL.—Where in an action for labor performed the evidence is sharply conflicting as to the promise of the defendant to pay for the work, the conclusion of the trial court is binding on appeal.

[2] ID.—EVIDENCE — DEPOSITION — EXCLUSION OF PORTION — LACK OF ERROR.—The exclusion of a portion of an admitted deposition relating to an exhibit, as to which the court sustained an objection on the ground that it was not binding on the adverse party, was not error.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Oscar Goldstein for Appellant.

Davids & Snyder for Respondent.

PREWETT, P. J., *pro tem.*—The plaintiff, in the first count of his complaint, claims the sum of $330 as due to himself for labor performed for the defendant. A second count for $385 is based upon a like claim of one Melvin J.

Cole, assigned to the plaintiff. The appellant makes two points. The first involves a mere conflict in the evidence. The second is based upon certain rulings of the court ·concerning parts of a deposition of the deputy state labor commissioner.

[1] 1. As to the first point, it is sufficient to state that the evidence is very sharply conflicting, the plaintiff having testified to one state of facts and the defendant to another and in direct conflict with the plaintiff. The plaintiff and his assignor were working for one Walker at an agreed price for themselves and teams of eleven dollars per day. Walker was a contractor under the defendant and the labor was being performed upon property in the ownership or charge of the defendant. The plaintiff testified as follows: ''After we worked a few days we quit Mr. Walker and told him we wanted our money and he said, 'If you are going to quit, go to M. Bux,' that 'we will go to see him and see if he can get your money,' and after we went to Mr. Bux he said, 'You stay and work and I will pay you,' and then he said that he would pay us for what we done and what we were to do if we would stay and work, but that we were through with Mr. Walker and wouldn't take any more· chances with him''; and, ''He said, 'You boys are the only ones that are doing any work and you stay and work and I will pay you.' '' The testimony of the plaintiff was corroborated by other witnesses. The question was solely a question of fact upon which the conclusions of the trial court are binding on appeal. No citation of authorities is needed to show that the new relation constituted a new and independent contract, involving no element of the statute of frauds. It was not a promise, as contended by the appellant, to answer for the debt of another. The court, out of an abundance of caution, rejected the claim for the first five days of labor performed for Walker, although under the third subdivision of section 2794 of the Civil Code it might well have allowed this. The very recent case of *Fuller* v. *Towne* (October 11, 1920, decided by the court in Bank), 184 Cal. 89, [193 Pac. 88] ; discusses a similar case and our conclusions are in harmony with the doctrines of that case. On the theory that the primary contract (subsequent in point of time to the original contract for five days' work) was entered into with Walker, a theory not sustained by the findings of the trial

court, the following observation by Mr. Justice Burnett, in *Meyers* v. *McKillop,* 37 Cal. App. 144, [173 Pac. 773], is in point: "It is a fair inference from the foregoing that the services were performed upon the reliance that the defendant would pay, and it is also a fair inference that the latter directly promised to make such payment. This constitutes an original contract with a sufficient consideration for its support."

[2] 2. Complaint is made by the appellant that the court refused to receive in its entirety the deposition of the deputy labor commissioner. The court, in a commissioner's decision, in *Bank of Orland* v. *Finnell,* 133 Cal. 475, [65 Pac. 976], held that the trial court must require the party offering a deposition to read the whole of it. In the later case of *Metteer* v. *Smith,* 156 Cal. 572, [105 Pac. 600], the court, in referring to the last case, passes it with the remark that counsel concede the admission of part of the deposition to be error, but the court ignores the error on the ground that the portions admitted were harmless. Conceding the soundness of the rule, it has no application to this case. Here the deposition was offered by the appellant and the only portion denied admission was that part relating to an exhibit, as to which the court sustained an objection on the ground that it was not binding on the respondent. It has never been held that the court could not, upon the objection of the adverse party, exclude proposed evidence contained in a deposition upon the ground that it is immaterial or upon other grounds touching its general competency. Moreover, the alleged error is of such small proportions that it must be disregarded in view of section 4½ of article VI of the constitution. The judgment finds abundant support in the evidence, it appears to be just, and we find no error prejudicial to the appellant.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.