[Civ. No. 3157. Third Appellate District.—March 23, 1927.]

## CHARLES MERZ, Respondent, v. JAMES D. POOLE, Appellant.

[1] CONTRACTS—GOODS DELIVERED TO THIRD PARTY—PROMISE OF DEFENDANT TO PAY—NATURE OF—FINDING—EVIDENCE.—In this action to recover the purchase price of two tires delivered to a third party on defendant's promise that he (defendant) would pay for the tires, the evidence was sufficient to justify the finding that the defendant's promise was an original obligation on his part to pay for the tires and made him the principal debtor, and not a mere surety or guarantor.

[2] ID.—SALES SLIP—LEDGER—ADMISSIBILITY OF.—In such action, a sales slip and ledger sheet kept by plaintiff were admissible in evidence for the purpose of showing that the price of the tires was charged to the defendant, because, if such third party had

been charged therewith, that fact would have tended to show that he was the principal debtor.

[3] ID.—EVIDENCE—REJECTION OF—EXPLANATION OF PURPOSE—TIME. In such action, the trial court did not err in sustaining an objection to a question asked the defendant on his direct examination as to whether he had any other transactions with plaintiff with reference to tires, where the objection to the question was that if it did not concern the tires in question it was immaterial and incompetent, and defendant made no explanation of his purpose in asking the question; and an explanation on appeal of such purpose comes too late.

(1) 27 C. J., p. 134, n. 15.   (2) 27 C. J., p. 387, n. 60.   (3) 3 C. J., p. 825, n. 53; 38 Cyc., p. 1330, n. 70.

APPEAL from a judgment of the Superior Court of Yuba County. Eugene P. McDaniel, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. E. Davies for Appellant.

W. P. Rich for Respondent.

FINCH, P. J.—This is an appeal by the defendant from the judgment herein in favor of the plaintiff. The facts are summarized in appellant's opening brief as follows:

"Plaintiff is engaged in the sale of automobile tires in the city of Marysville, and the defendant is by occupation a jeweler. It appears that on December 12, 1925, one Dave Johnson, the owner of a motor-truck, called upon plaintiff at his place of business about ten o'clock in the morning and sought to purchase two tires for his truck, on credit. Johnson had a hauling contract with the Yuba River Lumber Company, a corporation, of which the defendant, Poole, was the secretary-treasurer. Credit was refused to Johnson and later in the afternoon of the same day, Johnson returned to the store of plaintiff, accompanied by the defendant. The testimony as to what actually occurred at that time is conflicting. Plaintiff says that the defendant requested him to furnish Johnson with the tires and charge them to defendant; that he, the defendant, would pay half of the bill on October 1st and the balance every two weeks. The other witness on behalf of plaintiff is one of plaintiff's employees,

and he testified that the defendant stated to plaintiff: 'Go ahead, put the tires on, Charlie, and I will pay for them all right, put them on.'

"The defendant denies making either of the statements testified to by plaintiff, and his employee, and his version of the conversation is that in response to the questions by plaintiff defendant informed him that Johnson was working for the Yuba River Lumber Company and would continue to do so until the end of the season; that at no time did the defendant request plaintiff to furnish the tires to Johnson, nor did he offer to pay for any tires, nor did he purchase any tires from plaintiff. Subsequently and one day after this conversation, Johnson appeared at the store of the plaintiff and two tires of the value of $336.70 were delivered to him and placed upon his truck. The defendant was not present. At that time Johnson affixed his signature to plaintiff's exhibit No. 1, which exhibit purports to be a sales tag showing that defendant here was charged with two tires of the value of $336.70."

Plaintiff testified: "On September 12th in the morning about 10 o'clock a young fellow came into my place, Mr. Johnson there, and asked if he could buy a couple of tires on time. I told him no, I didn't know him, in a nice way, told him I didn't do business that way. Along in the afternoon about one or two o'clock Jim Poole and Johnson came into the store, looked at the tires, and Jimmy says, 'Well, I owe this fellow some money. . . . You give him the tires and charge them to me. . . . I would like a little time on this. I will pay half of it on October 1st and I will pay you every two weeks, one quarter. . . . The next day Johnson brought the two wheels in, put the tires on. I charged them to Jim Poole, wrote the terms out on a slip which I have here and Johnson signed it received by him. . . . That was the market price at that time." Another witness, one of the plaintiff's clerks, testified that at the time referred to in the plaintiff's testimony, the defendant said to the plaintiff, "Go ahead, put the tires on, Charlie, and I will pay for them." The sales slip referred to in the plaintiff's testimony was introduced in evidence, as was also the ledger sheet upon which the plaintiff charged the price of the tires to defendant.

[1] The evidence is clearly sufficient to justify the finding that the defendant's promise was an original obligation on his part to pay for the tires and made him the principal debtor, and not a mere surety or guarantor. (Civ. Code, sec. 2794, subd. 2; *Scribner* v. *Schenkel,* 128 Cal. 250, 253 [60 Pac. 860]; *Jan Wai* v. *Smith-Riddell Co.,* 55 Cal. App. 59, 65 [202 Pac. 952]; *Cole* v. *Bux,* 49 Cal. App. 718, 719 [194 Pac. 71]; *Meyers* v. *McKillop,* 37 Cal. App. 144, 145 [173 Pac. 773].) [2] The sales slip and ledger sheet were admissible in evidence for the purpose of showing that the price of the tires was charged to the defendant, because, if Johnson had been charged therewith, that fact would have tended to show that he was the principal debtor. (*McClenahan* v. *Keyes,* 188 Cal. 574, 582 [206 Pac. 454].) The defendant testified in his own behalf. [3] During his direct examination the following occurred: "Mr. Davies: I will ask you did you have any other transactions with reference to tires after the 12th day of September with Mr. Merz? A. Yes, sir. Mr. Rich: If it concerns these tires, well and good, otherwise it is immaterial and incompetent and I object to it. Mr. Davies: I want to find out any transaction of any kind. The Court: Objection sustained." Appellant contends that this ruling was error. There is nothing in the question or in the statement made by counsel for defendant to indicate that the facts sought to be proved were in any respect material. Counsel for appellant states in the opening brief that he intended to follow up the question asked with proof of facts which he claims would have been material. His explanation of his purpose comes too late. It should have been made to the trial court to enable that court to determine whether such facts were material.

The judgment is affirmed.

Shields, J., *pro tem.,* and Plummer, J., concurred.