[Civ. No. 6584. First Appellate District, Division Two.—February 20, 1929.]

MARY A. DOUGHERTY, Respondent, v. ELLING ELLINGSON et al., Appellants.

Chas. W. Haswell and Albert Jacoby for Appellants.

Vincent W. Hallinan for Respondent.

GRAY, J., *pro tem.*—Defendant Nan Ross, who drove the automobile in which plaintiff was riding as her guest, and

defendants Elling Ellingson and Nanna Ellingson, his wife, who, as parents, signed the application of Edward Ellingson for an operator's license, and Edward Ellingson, who drove the other colliding automobile, each appeal (the last three defendants jointly) from a judgment recovered by plaintiff for injuries received as a result of the collision of the two automobiles in the intersection of Portola and Terrace Drives in the city and county of San Francisco.

A summary of the salient testimony will test the merits of the contentions of the respective parties—that of each appellant that the respondent failed to establish any negligence on the part of such appellant, and that of the respondent that the negligence of each appellant proximately contributed to the collision and the resulting injuries. Edward Ellingson testified that he was traveling northerly on the right or east side of Portola Drive at a speed of between twelve and fifteen miles per hour and when he had reached a point fifteen or twenty feet south of the intersection he first saw Nan Ross traveling westerly at twice his speed, three or four feet north of the south curb of Terrace Drive and twenty to twenty-five feet easterly of the eastern curb of Portola Drive, that he then swerved to the left to pass in front of her and went forty feet to point of collision, that he applied his brakes when he started to swerve, that, when going fifteen miles per hour, he could stop within fifteen feet, that his view into Terrace Drive was obstructed by house and shrubbery on the corner, that he reached the intersection first and that a collision was inevitable if both machines continued their respective original courses. Two of his three passengers, called by him, corroborated him, except that one fixed the speed of the Ross automobile at fifteen miles per hour and the other at twenty miles per hour in crossing the intersection, and both, in addition, stated that Nan Ross "cut the corner"—i. e., she failed to pass to the right of the center of the intersection—in turning south on to Portola Drive. Nan Ross testified that as she was turning the corner southerly, closer to the north curb of Terrace Drive, at a rate of between ten and twelve miles per hour, she saw Ellingson traveling at a rate of twenty miles per hour in the center of Portola Drive about one-half a block away, that when he was a quarter of a block away, he swerved to the left without decreasing his speed, that she

blew her horn thrice and was stopped at the time of collision and that her view into Portola Drive was obstructed at the corner. A police officer, on her behalf, testified to skid marks made by the Ellingson automobile extending fifteen feet to the point of collision and also to the position of the Ross automobile after the collision, north of the center line of the intersection. Another witness for Nan Ross, who had been traveling behind Ellingson, testified that Nan Ross reached the intersection first, that when he was 115 feet south of Terrace Drive, he saw Nan Ross traveling between twelve and sixteen miles per hour on the right side of Terrace Drive, that Ellingson was traveling between fourteen and sixteen miles per hour and skidded for twenty feet, and that the collision occurred half way between the center and southern curb of Terrace Drive, and eight feet east of the eastern curb of Portola Drive when both machines were nearly stopped.

It is apparent from the evidence hereinabove set forth that a substantial conflict exists between the testimony of the two appellants and the two passengers in the Ellingson automobile—the only eye-witnesses to the accident—as to the speeds of the two automobiles, as to which reached the intersection first, and as to the manner in which Nan Ross turned in the intersection. "Where such conflict exists it is for the jury to judge the credibility of the witnesses and the weight, effect and probative force to be given their testimony (*Hanton* v. *Pacific Electric Ry. Co.*, 178 Cal. 616 [174 Pac. 61], the duty of the reviewing court on appeal being to construe the evidence so as to support the verdict, if it may be done so reasonably; that is to say, to accept as true such evidence as tending to sustain the verdict unless it is inherently incredible and to reject as untrue those portions which conflict therewith (*Neher* v. *Kauffman*, 197 Cal. 674 [242 Pac. 713])." (*Truitner* v. *Knight*, 83 Cal. App. 655, 660 [257 Pac. 447, 449].) The testimony of Edward Ellingson and his two passengers amply supports the jury's finding implied by its verdict, that Nan Ross was negligent *per se* in turning at the intersection in violation of section 129 of the California Vehicle Act (Stats. 1923, p. 558; *Towne* v. *Godeau*, 70 Cal. App. 148 [232 Pac. 1010].) The testimony of Nan Ross warrants the finding that Ellingson was negligent *per se* in failing to yield the right of way as provided by section 131 (a) of the same act (as amended by

Stats. 1925, p. 412). (*Grillich* v. *Weinshenk,* 64 Cal. App. 474 [222 Pac. 160].) The evidence given by Nan Ross as to Ellingson's speed and the evidence as to his skid marks warranted the jury's conclusion that Ellingson violated section 113 (B–2) of the same act in traversing the intersection at a speed in excess of fifteen miles per hour when his view was obstructed. (*Truitner* v. *Knight, supra.*) His own testimony that he could have averted the collision if he had applied his brakes to make a full stop when he first saw that a collision was inevitable if he continued his course, also supports the jury's finding that he was negligent. (*Shaver* v. *United Parcel Service,* 90 Cal. App. 764 [266 Pac. 606].) Whether or not the negligence of either driver was a proximate cause of the collision and resultant injuries and whether or not the negligence of each concurred with that of the other is a question of fact to be decided by the jury and under the evidence in this case their determination cannot be disturbed. (*Newman* v. *E. E. Overholtzer Sons' Co.,* 182 Cal. 778 [190 Pac. 175]; *Rabe* v. *Western Union Tel. Co.,* 198 Cal. 290 [244 Pac. 1077].)

Appellant Nan Ross complains that instruction XIV charging "that the failure of any person to perform a duty imposed upon him by statute or other legal authority of itself constitutes negligence" is erroneous because it omits a specific element, to wit: the question of proximate cause. "The failure of any person to perform a duty imposed by law is sufficient evidence of negligence. But no action for damages may be founded upon such negligence unless it directly contributed to the injury." (*Fresno T. Co.* v. *Atchison etc. R. Co.,* 175 Cal. 358, 360 [165 Pac. 1013, 1014].) The court in this instruction was merely defining negligence and was not attempting to define actionable negligence. Instruction IX correctly defined actionable negligence as follows: "The violation of a statute is negligence in itself, for which, if injury is proximately caused thereby, an action for damages will lie."

Instruction XV, reading as follows: "If you believe from the evidence that either or both of the two automobiles involved in this collision were driven or operated in violation of any express provision of the Motor Vehicle Act of the State of California, and that *by reason thereof* (italics ours) the plaintiff sustained injury and that she was herself free from

contributory negligence, then your verdict shall be in favor of said plaintiff and against the defendant or defendants, guilty of such violation, without further proof of negligence on the part of such defendant or defendants,'' is criticised by appellant Ross because of an alleged omission of the element of proximate cause. This objection is untenable, for the italicized phrase included in the instruction such element, and required a finding that the violation be a proximate cause of the collision and injury before the jury could find a liability therefor. ''The use of the words 'by reason of' instead of 'as the direct and proximate result of' by the court below in paragraph 5 of its charge was not misleading to the jury as the words first quoted were the equivalent of those last quoted and, perhaps, would have been more easily understood by the average jury.'' (*Houston & T. C. R. Co.* v. *Anglin*, 45 Tex. Civ. App. 41 [99 S. W. 897].) Similar phrases in analogous instructions have been held to sufficiently include the element of proximate cause. (*Fenn* v. *Clark*, 11 Cal. App. 79 [103 Pac. 944]; *Eaton* v. *Southern Pac. Co.*, 22 Cal. App. 461 [134 Pac. 801]; *Weaver* v. *Carter*, 28 Cal. App. 241 [152 Pac. 323]; *Aubel* v. *Sosso*, 72 Cal. App. 57 [236 Pac. 319]; *Wirthman* v. *Isenstein*, 182 Cal. 108 [187 Pac. 12]; *Lawrence* v. *Southern Pac. Co.*, 189 Cal. 434 [208 Pac. 966].)

The same appellant also claims that instruction XX is erroneous in that it omits the important element that the restriction of speed at the intersection to fifteen miles an hour is limited to places where the driver's view is obstructed. This instruction reads: ''If you believe from the evidence that the defendant Nan Ross, in driving her· said automobile was traversing the intersection of Terrace Drive and Portola Drive at a greater rate of speed than fifteen miles an hour, and that she was negligent in so doing, and that such negligence was the proximate cause of injury to the plaintiff, and that plaintiff was free from contributory negligence, then your verdict shall be in favor of the plaintiff and against the defendant Nan Ross, without further proof of negligence on her part.'' The court did not here charge the jury that a speed of fifteen miles an hour at the intersection was negligence without the limitation as to obstruction of the driver's view as appellant contends, but left the question as to whether such speed at the intersection was negligence and

the proximate cause of injury to the jury. Irrespective of the limitation imposed by the California Vehicle Act whether or not a particular speed at a particular time and place is or is not negligence is a question of fact to be decided by the jury from all the evidence. (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125].) Even adopting appellant's construction that the instruction authorized a verdict for plaintiff upon a finding of a speed in excess of fifteen miles an hour without any finding that such limitation was applicable because of the obstructed view, she is not injured because the testimony without conflict clearly shows that the view was obstructed. (*Collom* v. *Bloch*, 70 Cal. App. 33 [232 Pac. 486].) Furthermore, instruction XII was given in the exact language of section 113 (a) and subdivisions 1 and 2 of the California Vehicle Act. In the case of *Wiley* v. *Cole*, 67 Cal. App. 762 [228 Pac. 550], cited by appellant to show the error in this instruction, the court held that, if the collision had occurred in an intersection, an instruction less full and more uncertain would have been sufficient.

Instruction XXVIII reading: "If you find that both parties were negligent, as alleged in plaintiff's complaint and that their negligence proximately contributed to any injury sustained by plaintiff, then you are not to compare their negligence or determine which was more negligent or which contributed most to the injury, since both would be then jointly and severally liable and the plaintiff may recover against either or both of them, provided of course she was free from contributory negligence; and in these circumstances, if you so find, it will be your duty in this case to render your verdict in favor of the plaintiff and against all of the defendants," this appellant claims is erroneous (1) because of the omission of qualifying clause "if any" after phrase, "their negligence," and (2) because of the phrase "negligence proximately contributed to any injury" does not require that the negligence be "a proximate cause" of the injury. To the first objection, it is sufficient to say that the introductory phrase "if you find that both parties were negligent" negatives any assumption of negligence and the addition of the phrase "if any" would have been but a repetition of the same idea. To the second objection, it is unnecessary to say more than that the phrase "as alleged in the complaint" sufficiently advised the jury that

such negligence must be a proximate cause of the injury (*Wirthman* v. *Isenstein, supra*), and that the phrase "Proximately contributed to any injury" is equivalent under the facts to the phrase "a proximate cause." (*Dowd* v. *Atlas Taxicab etc. Co.,* 69 Cal. App. 9, 15 [230 Pac. 958]; *Athens Mining Co.* v. *Carnduff,* 123 Ill. App. 178.)

■ Complaint is made by appellant Ross that instruction XXX, as to the measure of damages, charged the jury that the defendants were negligent and that it might consider future pain and suffering irrespective of whether or not such pain produced damage. The introductory hypothesis: "if your verdict be in favor of the plaintiff"—clearly negatives any assumption of negligence. (*St. Louis etc. R. Co.* v. *Daley,* 53 Ill. App. 614; *Young* v. *Webb City,* 150 Mo. 333 [51 S. W. 709].) Any doubt on the matter is removed by reading the next preceding instruction which stated that the instructions as to damages were inapplicable if the liability of the defendants were not established.

■ The criticised instruction did not permit the jury to allow damages for future suffering upon speculation but properly allowed it to consider "any pain or suffering or disability that may be reasonably certain to be endured by her in the future, if any from the injury so sustained." (*Ryan* v. *Oakland Gas etc. Co.,* 21 Cal. App. 14, 22 [130 Pac. 693]; *Du Val* v. *Boos Bros. Cafeteria Co.,* 45 Cal. App. 377, 380 [187 Pac. 767].) Even if the jury were misled by this instruction which is highly improbable, it could not have speculated on this issue in view of the next instruction which plainly told it not to indulge in conjecture but to "award only such damages as she has proved she has sustained together with what she is reasonably certain to suffer in the future." ■ Equally futile is the attempt by the same appellant to predicate error upon the refusal to give twelve instructions requested by her for a comparison of such instructions with those given clearly shows that the former were substantially incorporated in the latter and hence their refusal was not error. (24 Cal. Jur. 806.)

■ Appellants Ellingson assigned as error the court's refusal of their proposed instruction as to the duty of a driver when suddenly confronted with danger. The testimony of Edward Ellingson, above set forth, shows that he saw the other automobile in ample time to have prevented

the collision and was not suddenly confronted with peril. The instruction, further, was erroneous because it did not contain the qualification ·that such driver was not himself negligent. (*Power* v. *Crown Stage Co.*, 82 Cal. App. 660, 672 [256 Pac. 457].) Without pointing out any reason thereof, these appellants briefly assert that eleven instructions given as to the duties of a driver entering an intersection are each erroneous. Unassisted by any idea as to why counsel claims them to be erroneous, we have carefully reviewed them in the light of the law and the evidence in this case and find them to have been warranted by the evidence and to contain a correct statement of the law applicable to the case.

A cross-complaint was filed by appellants Ellingson against the other appellant and the latter had filed an answer thereto. Upon the conclusion of the testimony, there having been offered no evidence on the issues framed by these pleadings, appellant Ross, in the absence of the jury, asked the court for a directed verdict for costs against the other appellants. Respondent then suggested that so doing might confuse the jury and the court suggested a dismissal. Appellants Ellingson, without any motion, merely stated they dismissed their cross-complaint. Appellant Ross, objecting thereto, appellants Ellingson then requested a directed verdict (to what effect does not appear), which was denied. Upon the return of the jury, in its first instruction, the court advised the jury that there was no evidence on the issues raised by the cross-complaint and the answer thereto and as to such issues it should return a verdict for cross-defendant Ross. It then limited the subsequent instructions to issues formed by the other pleadings and the evidence. Appellants Ellingson now claim that the submission of the directed verdict confused the jury and caused it to return a verdict in favor of plaintiff and against them. How the jury could have been confused by the court's clear instruction, these appellants do not point out nor have we been able to see. The court and respondent both suggested a dismissal, but due possibly to objections of the other appellant, no motion of dismissal was made for the court to act upon. The error, if any, was invited by these appellants through their failure to act and their acquiescence and was not chargeable in the slightest degree either to court or respondent. (2 Cal. Jur. 846.)

■ On *voir dire* respondent's counsel interrogated each prospective juror as to whether he owned any stock or bonds in any insurance company insuring drivers of automobiles against liability and whether any of his family were officers or employees of such company. In view of the large number of decisions, we must hold that it is the settled law of this state that the questions are proper. (*Arnold* v. *California Portland C. Co.*, 41 Cal. App. 420 [183 Pac. 171]; *Baldarachi* v. *Leach*, 44 Cal. App. 603 [186 Pac. 1060]; *Williamson* v. *Hardy*, 47 Cal. App. 377 [190 Pac. 646]; *Murphy* v. *Shaffer*, 58 Cal. App. 453 [208 Pac. 1003]; *Eldridge* v. *Clark & Henery Const. Co.*, 75 Cal. App. 516 [243 Pac. 43]; *Nichols* v. *Nelson*, 80 Cal. App. 590 [252 Pac. 739]; *Sharkey* v. *Sheets*, 87 Cal. App. 99 [261 Pac. 1049]; *Reneau* v. *Hirsch*, 88 Cal. App. 1 [262 Pac. 1100].) ■ Counsel for appellants Ellingson asked this question: "Now Mr. Haswell, who just examined you . . . his firm of Haswell and Martin, do you know whether they represent any of the insurance companies you may be interested in?" This question improperly insinuated to the jury that appellant Ross was insured, but it was not prejudicial as neither is the verdict excessive nor the question of defendant's liability close. (*Arnold* v. *California Portland C. Co.*, supra; *Eldridge* v. *Clark & Henery Const. Co.*, supra.) The question having been asked by one appellant, the other cannot urge it against the respondent, particularly as the complaining appellant made no objection to the question and requested no admonition to the jury to disregard it.

■ Upon reading the entire testimony of Police Officer Herbert, we find that his cross-examination by counsel for respondent and appellants Ellingson, respectively, as to his acquaintance with appellant Ross and his interest in the case, if any, was well within the rights accorded by law to such examiners. ■ Appellant Ross complains that the court erroneously excluded testimony tending to impeach appellant Edward Ellingson and his two passengers as to their intoxication at the time of the collision. The court sustained respondent's objection that it was an attempt to impeach upon a collateral matter. Counsel for Nan Ross did not at the time make any offer of proof, that is, any statement as to what the evidence would show, and now for the first time in his reply brief claims that the evidence was admissible

as bearing upon the credibility of the witness. "Appellant contends that this ruling was error. There is nothing in the question or in the statement made by counsel for defendant to indicate that the facts sought to be proved were in any respect material. Counsel for appellant states in the opening brief that he intended to follow up the question asked with proof of facts which he claims would have been material. His explanation of his purpose comes too late. It should have been made to the trial court to enable that court to determine whether such facts were material." (*Merz* v. *Poole*, 82 Cal. App. 12, 15 [254 Pac. 914, 915].),

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 22, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1929.

All the Justices present concurred.