McLUCAS, P. J.
The defendant was charged in two counts with violations of section 13 of the State Pharmacy Act (Stats. 1905, p. 535; Act 5886, Deering’s General Laws, 1923),- and was adjudged guilty on both counts. In count I it was charged that the defendant “did willfully and unlawfully sell, retail and dispense drugs, medicines and poisons, to-wit: Lysol, the said Abe Percies not being then and there a registered pharmacist licensed to practice in the state of California, nor under the direct, immediate and personal supervision of a registered pharmacist licensed to practice in the State of California”. In count II the defendant was similarly charged with sales of aspirin and tincture of iodine. Defendant was found guilty, and appeals from the judgment.
Appellant urges that section 13 of the State Pharmacy Act is void for uncertainty. It defines four classes of offenses, and reads as follows, the numbers in parentheses being no part of the statute, but interpolated by us for convenience of reference: “(1) Any proprietor of a pharmacy, who shall fail, or neglect to place in charge of such pharmacy a registered pharmacist, or (2) any proprietor, who shall by himself, or any other person, permit the compounding of prescriptions, or the vending of drugs, medicines, or poisons, in his or her store, or place of business, except by or in the presence and under the direct, immediate and personal supervision of a registered pharmacist, or (3) any person, not being a registered pharmacist, who shall take charge of, or act as manager of any pharmacy, or store, or (4) who, not being a registered pharmacist, retails, compounds, or dispenses drugs, medicines, or poisons, shall be guilty of a misdemeanor, and upon conviction thereof shall be liable to> a fine of not less than twenty ($20) dollars and not more than one hundred dollars, or by imprisonment for a term of not exceeding fifty days, or by both such *Supp. 790 fine and imprisonment.” Appellant’s contention is that the clauses which we have numbered (2) and (4) are conflicting. We find no such conflict. Clause (2) is directed at the proprietor who permits certain things to be done, and clause (4) punishes the person who does them. If there were any inconsistency between them in the description of the acts prohibited, the two clauses would not conflict, but would merely provide different regulations for the two classes of persons involved. However, we conclude, on a consideration of the whole act, that there is no such difference. In construing a statute it must be considered as a whole, and words or clauses may be enlarged or restricted to effectuate the intention or to harmonize them with other expressed provisions. (In re Haines, 195 Cal. 605, 613 [234 Pac. 883]; In re Washer, 200 Cal. 598, 604 [254 Pac. 951]; Ex parte Hedley, 31 Cal. 108, 114; People v. Strickler, 25 Cal. App. 60, 66 [142 Pac. 1121].) In section 1 of this statute we find the declaration that “it shall be unlawful for any person to manufacture, compound, sell or dispense any drug, poison, medicine or chemical, . . . unless such person be a registered pharmacist or a registered assistant pharmacist within the meaning of this act, except as hereinafter provided”. This exception leads us to expect some further provision permitting such sales, etc., by persons not registered pharmacists or assistants— an expectation which is disappointed if clause (4) of section 13 is read without exception. Section 12 contains a provision covering practically the same subject as clause (4) of section 13, as follows: “Any person not registered who shall retail medicine, poisons or chemicals, except in a pharmacy under the direct, immediate and personal supervision of a registered pharmacist, unless the same is expressly permitted by law, . . . shall be deemed guilty of a misdemeanor.” And finally clause (2) of section 13 punishes the proprietor for permitting unregistered persons to vend drugs, etc., “except in the presence and under the direct, immediate and personal supervision of a registered pharmacist”. All of these provisions may be harmonized by reading the words last quoted into clause (4) of section 13. This may be done under the rules of construction above mentioned and by doing it we reach what we regard as the proper construction of that clause.
*Supp. 791 Section 13 has been considered and upheld as a proper exercise of the police power in the following eases: It was held in the case of In re Gray, 206 Cal. 497 [274 Pac. 974], that section 13 was constitutional and valid and did not grant special privileges or deny the equal protection of the laws in a manner not reasonably intended to protect the public health. (See, also, In re Potter, 164 Cal. 735 [130 Pac. 721]; In re Potter, 26 Cal. App. 45 [146 Pac. 62].)
Appellant complains of the rulings of the trial court in excluding certain evidence. The People had offered the testimony of witnesses that the defendant was manager of the R. & B. Cut Rate Store in San Pedro, that defendant not being a registered pharmacist sold tincture of iodine, aspirin and lysol not in the presence nor under the direct, immediate and personal supervision of a registered pharmacist. The defendant inquired from certain witnesses what was the practice of the employees of the store with reference to the selling of poisons. It is apparent from the context of the record that the defendant was endeavoring to elicit testimony tending to prove that it was the invariable custom for all unregistered employees to make sales of poison in the presence of and under the direct, immediate and personal supervision of a registered pharmacist. Both sections 12 and 13 of the act permit the sale of poison in this manner by one who is not a registered pharmacist. The people had charged the defendant with a failure to comply with the provisions of section 13 and had offered evidence in support of the charge. This evidence excluded was material and relevant to the issue. It was perhaps the Only manner in which the charge could be refuted, there being many hundred sales made on each day. The complaint was filed on January 27th, alleging an offense on January 12th and the trial was held on March 25th. It would be exceedingly difficult for any salesman to remember precisely what was done by him in regard to a particular sale of poison made over two months before the trial. There is a presumption that the ordinary course of business has been followed. (Code Civ. Proc., see. 1963, subd. 20.) The defendant was entitled to show what was the ordinary course of business in order that the defendant might have the benefit of such presumption before the jury in its deliberations. The respondent objects that no offer of proof *Supp. 792 of custom, was made. This objection is without merit. Where a question addressed to a party’s own witness shows its purpose and the materiality of the evidence sought to be elicited, an offer to prove is not necessary. (38 Cyc., p. 1330.) If the question is in proper form and clearly admits of an answer relevant to the issues and favorable to the party on whose side the witness is called, it is error to exclude it. (Buckstaff v. Russell, 151 U. S. 626, 637 [38 L. Ed. 292, 14 Sup. Ct. Rep. 448].) The following cases recognize the rule that it is unnecessary to make a formal offer of proof where the question itself or the statement of counsel discloses the materiality of the evidence : Marshall v. Hancock, 80 Cal. 82 [22 Pac. 61]; Houghton v. Clarke, 80 Cal. 417 [22 Pac. 288]; Snowball v. Snowball, 164 Cal. 476 [129 Pac. 784]; Pedrow v. Federoff, 77 Cal. App. 164, 178 [247 Pac. 212]; Merz v. Poole, 82 Cal. App. 12 [254 Pac. 914], We believe the exclusion of this evidence was prejudicial to defendant, although one witness had been permitted to testify without objection that sales of poison by persons not registered were always brought to the attention of the registered pharmacist by showing them to him. We cannot say that the exclusion of this evidence may not have resulted in a miscarriage of justice.
Appellant complains of instruction No. 3, which reads as follows: “You are instructed that the law under which the defendant is being prosecuted in Case No. 29611 provides as follows (reading) : ‘Any proprietor of a pharmacy who shall fail or neglect to place in charge of such pharmacy a registered pharmacist, or any proprietor who shall by himself or any other person permit the compounding of prescriptions or the vending of drugs, medicines or poisons in his or her place of business except by or in the presence of or under the direct, immediate and personal supervision of a registered pharmacist; or any person not being a registered pharmacist who shall take charge of or act as manager of such pharmacy or store, or who not being a registered pharmacist retails, compounds or dispenses drugs, medicines or' poisons shall be guilty of a misdemeanor, ’ and it is incumbent upon the prosecution to prove beyond a reasonable doubt violation of the provisions of such law and in the absence of such proof the defendant is entitled to an acquittal on the charge contained in complaint No. 29611.” *Supp. 793 No other instruction defining the offense charged was given. The defendant was being prosecuted under clause (4) of section 13'. As we have already seen from the foregoing discussion, all the provisions of the act should be harmonized by reading into clause (4) of section 13 the following words: “except in the presence and under the immediate direction of a registered pharmacist”, which words appear in clause (2). The mere reading of section 13 to the jury without any further definition of the offense charged was misleading to the jury, for the reason that clause (4) of section 13 appears to make the retailing, compounding or dispensing of drugs, medicines, or poisons, by one who is not a registered pharmacist, a misdemeanor, though other provisions of the act. permit such sales by one who is not a registered pharmacist, provided the sale is made in the presence and under the direct, immediate and personal supervision of a registered pharmacist. In fact, the complaint itself charges the defendant with the sale of drugs, the defendant not being a registered pharmacist, nor under the direct, immediate and personal supervision of a registered pharmacist. It thus appears that the defendant was not charged with a violation of the first three clauses of section 13, yet all of these clauses were read to the jury. The instruction was calculated to confuse the jury, and it must have been extremely difficult, if not impossible, for them to determine from it what was the correct definition of the crime with which the defendant was charged. (People v. Monahan, 59 Cal. 389.) In our opinion it was prejudicial error to give such an instruction without further definition of the offense charged.
The defendant was given an alternative fine or a jail sentence on both counts, to run consecutively with each other and consecutively with the sentence in a companion case. Section 669 of the Penal Code, authorizing consecutive sentences, relates to the sentences of imprisonment only and not to alternative sentences. (In re Selowsky, 44 Cal. App. 421 [186 Pac. 608]; In re Cohen, 198 Cal. 221, 228 [244 Pac. 359].)
The judgment is reversed and the cause is remanded for a new trial.
Shaw, J., and Bishop, J., concurred.