[Civ. No. 7875. Second Appellate District, Division One.—May 31, 1934.]

CITIZENS NATIONAL TRUST & SAVINGS BANK OF LOS ANGELES (a Corporation), Respondent, v. BESSOLO & GUALANO, INC. (a Corporation), et al., Appellants.

Lawrence M. Cahill for Appellants.

Mott, Vallee & Grant and J. Edward Haley for Respondent.

HOUSER, J.—From the record herein it appears that on January 9, 1929, Bessolo & Gualano, Inc., a corporation, executed a promissory note in favor of itself for the sum of $13,500, payable six months after date, with interest thereon at the rate of eight per cent per annum, payable quarterly. Contemporaneously therewith, on the reverse side of said note, the corporation indorsed the same, and Angelo Bessolo, V. A. Gualano and M. Angelo Bessolo

executed a guaranty thereof. Two days thereafter, through the instrumentality of an investment broker, the plaintiff purchased said note at its full face value, and in payment of the purchase price issued and delivered to Bessolo & Gualano, Inc., one cashier's check for the sum of $12,150, and another cashier's check for the sum of $1350;—which latter check Bessolo & Gualano, Inc., indorsed in blank and thereupon delivered it to an agent of the investment broker by whom it was subsequently cashed. Following the maturity of the note, no part of either the principal or the accrued interest thereon having been paid, the plaintiff brought an action against the defendants to recover judgment on said note.

Defendants denied that the plaintiff was the owner of the note. They also interposed several separate defenses to the action, among which were that prior to the execution of the note an agent of the investment broker had stated to the president and the secretary of Bessolo & Gualano, Inc., that said agent would lend to it the sum of $12,200 "in consideration of the making, execution and delivery to him of the note described in plaintiff's complaint"; also that for its execution no consideration was received by Bessolo & Gualano, Inc., or by one of the guarantors of the note. Furthermore, that the execution of the note was induced by certain alleged fraudulent acts of the said agent. On all the issues raised by the pleadings of the respective parties to the action, the court found in favor of the plaintiff. It is from the ensuing judgment that the instant appeal is taken.

Prejudicial error, alleged to have been committed by the trial court, is predicated upon its refusal to permit the vice-president of the plaintiff corporation to answer certain questions asked of him as a witness by the attorney who represented the defendants. In substance, those questions related to a time immediately preceding the purchase by the plaintiff of the note and were: (1) as to what conversation, if any, had occurred between the witness and the agent of the investment broker relative to the manner or means whereby he was acquiring the note in question, or what he was paying for it; (2) whether the witness had made any investigation to determine what the relationship was between said agent and the maker of the note "with

reference to the execution of this note''; (3) whether any-thing had been said to the witness by the said agent to the effect ''that this note had already been executed and that he was the owner and holder thereof''; (4) what the agent had said when he approached the witness at the time the note was purchased; and (5) from whom the note had been purchased.

In substance, appellants charge that the rulings made by the trial court in relation to such questions prevented appellants from showing that the respondent acquired the note in question with knowledge that the makers and the guarantors had not received, and would not receive, full consideration therefor; from showing · that the signature of defendant Angelo Bessolo as a guarantor was obtained by fraud; also that such rulings prevented the appellants from showing that said guarantor had received no consideration for his guaranty. In this connection, at the outset ·it should be noted that on the trial of the action all the material facts with reference to the execution of the note, its guaranty, the receipt by Bessolo & Gualano, Inc., of two checks aggregating the sum of $13,500, and the delivery by Bessolo & Gualano, Inc., to the agent of the investment broker of the one check for $1350, were either admitted directly by the defendants or testified to by them. In addition thereto, the witness to whom the several questions were propounded either already had testified, or later did testify, regarding the subject matter involved therein. Among other things, he stated that he first saw the note on January 11, 1929; that ''I had had the matter put up to me as an officer of the bank probably a day or two before that time, and in the interim I was investigating the names on that note. . . . We were asked if we would be interested in the purchase of such a note, and in the usual course of business I investigated the names thereon, especially as to one of the endorsers that we knew already in a general way and knew to be a man of responsibility, checked the name again through the bank account, which is in the Farmers & Merchants National Bank. The information received from that bank was very good; it certainly amply entitled us to purchase·or discount that note, and on the face of that information and the fact that the note appeared to be a good investment for the bank and bore a higher rate of

interest than the run of our loans—that is, eight per cent instead of six or seven—we bought the note and paid for it. . . . Its face value. . . . It was made by checks, cashier's checks, to the firm of Bessolo & Gualano. . . . We have an almost invariable rule to make the checks always to the makers or payees of the note, which in this case I am certain is Bessolo & Gualano, Inc.'' He also stated that he made the checks payable to Bessolo & Gualano, Inc., on the instructions of Mr. J. M. Berry, ''whom we recognized as the broker.''

■ Even from the testimony presented by the defendants themselves, it becomes evident that the defense of ''no consideration'', as far as the maker of the note was concerned, was of no avail. ■ As to the guarantors of the note, their liability was determined by the provisions of section 2792 of the Civil Code, which provides that: ''Where a guaranty is entered into at the same time with the original obligation, or with the acceptance of the latter by the guarantee, and forms with that obligation a part of the consideration to him, no other consideration need exist. In all other cases there must be a consideration distinct from that of the original obligation.''

■ The defendants offered no evidence with reference to the separate defense of fraud; nor on the refusal of the trial court to permit the witness to answer the several questions of which complaint is made, did defendants make any offer of proof,—that is, any statement by which the materiality of the evidence was indicated,—which fact in itself affords a sufficient reason for failing to recognize appellants' claim on appeal from the judgment. (*Dougherty* v. *Ellingson,* 97 Cal. App. 87, 99 [275 Pac. 456]; *Merz* v. *Poole,* 82 Cal. App. 12, 15 [254 Pac. 914].) But in any event, since in the circumstances any statement which might have been made by the witness in answer to the questions would have had no material effect upon the situation, it becomes apparent that, even conceding the fact that ordinarily the objections to the questions should have been overruled and the witness permitted to answer,—the result of the assumed error or errors was not prejudicial to the substantial rights of the defendants.

■ Appellants also contend that as to them the trial court committed prejudicial error in its refusal to permit

the vice-president of the plaintiff corporation to answer a question propounded to him by the attorney who represented the defendants on the trial of the action as to whether, prior to the date when the plaintiff purchased the note, the broker had told the witness "that the full face amount of the note was not to be paid to Bessolo & Gualano, Inc." But in view of the conceded fact that the president of the defendant corporation testified that by the two checks to which reference hereinbefore has been had, it did receive from the plaintiff corporation "the full face amount of the note", it is not apparent how or in what manner the defendants could have been injuriously affected by reason of the assumed (although not conceded) error of the trial court. Since it is undisputed that the defendant corporation was paid and had in its possession and control all the money that was represented by its promissory note, it was immaterial what disposition the defendant corporation thereafter made of such funds. After the plaintiff corporation had delivered its cashier's checks to the defendant corporation, the manner of the disposition of the money represented thereby was wholly beyond the control of the plaintiff corporation, and what the defendant corporation saw fit to do with the money was entirely its own affair. If in the exercise of its discretion in that regard any part of such money was unwisely disbursed, the defendant corporation has no cause for complaint against the plaintiff corporation either that the latter did not supervise the expenditure of such money, or prevent its possibly improvident outlay.

Since the foundation for each of the other alleged errors of which appellants complain is included within those to which attention hereinbefore has been devoted, it becomes unnecessary to discuss any of them.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.