[Civ. No. 5951.   First Appellate District, Division Two.—November 23, 1927.]

CHARLOTTE SHARKEY et al., Appellants, v. C. L. SHEETS et al., Respondents.

276.

Bertrand J. Wellman for Appellants.

H. T. Morrow and Henry L. Knoop for Respondents.

KOFORD, P. J.—In this action a jury trial resulted in a verdict for the defendants. The action was commenced by the surviving widow and minor children of Thomas Sharkey, deceased, for the alleged wrongful death of said deceased claimed to have been caused by the negligent operation of a truck owned and operated by the defendants and respondents. The deceased was riding as a guest in a Ford touring car in the city of Los Angeles. The Ford, proceeding easterly on Whittier Street, made a left-hand turn into Hillvale Street and in doing so cut the corner. The truck was proceeding westerly on Whittier Street and collided with the Ford at a point west of the center of Hillvale and north of the center line of Whittier. In cutting the corner while making the turn, the driver of the Ford car was negligent, but the deceased being a guest, and in this case having no control over the operation of the car, was not guilty of contributory negligence. The jury by its verdict decided that the driver of the truck was not negligent in any way contributing to the injury or death of the deceased.

Appellants contend that the verdict is contrary to the evidence in that it must necessarily be true that the driver of the truck was guilty of at least some negligence. They contend that had the truck driver stopped a little sooner, checked his speed a little more, or swerved his truck a very little more a collision would not have occurred and, therefore, his failure to do some one of these things must be accounted as actionable negligence in this case.

The fact that the truck driver might have performed or omitted certain acts which would have avoided the collision does not prove that his failure to do so was negligent and neither does it establish that any such acts or omissions would constitute a proximate cause of the injury and death of the deceased. The evidence convinces us that it was entirely a matter within the province of the jury to decide in this case that the truck driver was guilty of no actionable negligence.

The appellants claim reversible error in the action of the court in prohibiting counsel for the plaintiffs from asking the jurors, when examining them on their *voir dire,* whether they were interested as stockholders or otherwise in the Individual Indemnity Insurance Company.' The authorities hold that while it is improper for counsel unnecessarily to bring before the jury the claim or fact that a casualty company had undertaken to reimburse the defendant for such damages as may be awarded in the action, nevertheless, in a proper case and in a proper manner counsel is entitled to ascertain by an examination of the jurors whether any of them are so interested in any such casualty company as to make them interested in the litigation. (*Pierce* v. *United Gas & Electric Co.,* 161 Cal. 176 [118 Pac. 700] ; *Arnold* v. *California Portland Cement Co.,* 41 Cal. App. 420 [183 Pac. 171] ; *Baldarachi* v. *Leach,* 44 Cal. App. 603 [186 Pac. 1060] ; *Williamson* v. *Hardy,* 47 Cal. App. 377 [190 Pac. 646] ; *Murphy* v. *Shaffer,* 58 Cal. App. 453 [208 Pac. 1003].)

In the trial of this case the examination of the jurors seems to have been largely conducted by the court. After the trial judge had asked the jurors in the box collectively certain questions, he then appears to have become the interlocutor for the attorneys, who suggested the questions that they wished to ask the jurors, and the judge put them to the jurymen collectively in his own language. When this opportunity came to counsel for plaintiffs he stated, "I would like to know if any of the jurors are stockholders or interested in the Individual Indemnity Insurance Company." Whereupon the court responded, "I won't ask that. I will say to the jurors now that the question of insurance must not enter into this case. You will conclusively presume that there is no insurance and try the case as be-

tween plaintiff and defendant without reference to any insurance." The court also stated, a few moments later, that insurance was not a matter that ought to be brought before the jury, and then asked counsel for plaintiffs to suggest further questions. Counsel for plaintiffs duly took exception to the ruling of the court.

Respondents challenge the sufficiency of this record to show error in the ruling. Plaintiffs' counsel referred to the insurance carrier by a misnomer and also failed to pursue the inquiry vigorously and state the object and purpose of his question. Considering the manner in which the examination was conducted as a whole as shown by the record, we think appellants were not permitted to inquire concerning the interest or bias of the jurors in this respect and are entitled to a consideration of this exception upon its merits. To allow jurors to sit in a case in the outcome of which they are financially interested would be an error too grave to be excused for any slight cause.

Respondents claim the error was not prejudicial because it has not been made to appear that any of the jurors finally selected to try the case were in fact interested in the insurance carrier of the defendants. This appears from the affidavit of the vice-president of the Individual Underwriting Corporation, which was the corporate attorney-in-fact for the Pacific Automobile Indemnity Exchange, the insurance carrier of the defendants. According to this affidavit, none of the jurors who tried the case were members of the corporation nor of the exchange. This affidavit was used in opposition to the appellants' motion for a new trial. The affidavit used in support of the motion for a new trial contained nothing to the contrary. These affidavits constitute a part of the "entire cause" within the meaning of article VI, section 4½ of the constitution. (*People* v. *Piero*, 79 Cal. App. 357 [249 Pac. 541].) Under these circumstances we are obliged to say that had the question been permitted the jurors under examination would have answered that they were not interested in the insurance carrier of the defendants. The error, therefore, cannot be said to have resulted in a miscarriage of justice. The same verdict would have resulted, and by the same jurors, even though the jurors had been permitted to respond to this

question. None of them would have been excused for bias on this account.

█ We see no error in the court's refusing to permit the jurors to state whether they were acquainted with any truck drivers or certain truck drivers other than the defendant.

Appellants complain of the refusal of the court to give plaintiffs' requested instructions numbers 1, 2, 4, 6, and 8. No argument is advanced to support the claim, although respondents have well pointed out the vice of the requested instructions refused by the court, and have pointed out where the valid parts of those refused were given by the court in substance in other parts of the instructions. Our examination discloses no error in the refusing of these instructions.

█ The court properly stated in its instructions that the truck driver's duty to stop and avoid the accident, if he had time and could do so, commenced when he saw that the occupants of the Ford were in peril, and not necessarily when he saw the Ford was going to cut the corner. His duty arose from the obligation to avoid the injurious results of the Ford driver's negligence in cutting the corner if he could do so. This was not due to any rule of the road requiring him to yield the right of way to one making a left-hand turn at an unauthorized place, but due to considerations of humanity and ordinary care. The situation was like a case where the last clear chance doctrine applies despite negligence of the one injured.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 16, 1928.

All the Justices concurred.