[Civ. No. 3702. Third Appellate District.—March 22, 1929.]

F. O. DANIEL et al., Respondents, v. HUGH ASBILL, Appellant.

J. Hampton Hoge, W. E. Davies and Enid Childs for Appellant.

Alvin Weis and W. P. Rich for Respondents.

MONCUR, J., *pro tem.*—Plaintiffs are husband and wife and brought this action to recover damages from defendant for injuries to plaintiff's, F. O. Daniel, automobile and damages for physical injuries to plaintiff Mrs. Bertha Mae Daniel, as the result of a collision between the said automobile and the automobile of defendant. The case was tried before a jury and resulted in a verdict awarding plaintiff F. O. Daniel the sum of $185 as damages to his automobile, and Mrs. Daniel was awarded the sum of $7,804.60 as damages resulting from the injuries suffered by her. From the judgment entered upon the verdict de-

fendant, in due time, moved for a new trial, which was denied.

The appellant urges as grounds for a reversal: 1. Reference to an insurance company upon the impanelment of the jury and at other times as being prejudicially erroneous; 2. Plaintiff was guilty of contributory negligence as a matter of law; 3. The court gave an erroneous instruction upon the question of contributory negligence; 4. The court erred in admitting in evidence statements made by defendant prior to the collision.

At the commencement of the trial defendant moved for a continuance upon the ground that his attorney, J. Hampton Hoge, was occupied in the trial of an action in San Francisco, and unable to be present. The motion was submitted on affidavits and the court stated that the motion would be granted upon the payment of costs incurred by plaintiff, by reason of the continuance, and fixed the amount of such costs at the sum of $343. The motion was presented by Mr. W. E. Davies, acting for defendant, and the defendant having determined that the amount of costs fixed as the basis for granting a continuance was more than he cared to pay, the motion was thereupon withdrawn by Mr. Davies, and Mr. Davies was associated in the case as attorney for the defendant.

It is not contended that there was any error in the ruling of the court on the motion for a continuance, and defendant only urges this proceeding for consideration upon this appeal in connection with the alleged errors occurring during the trial.

We will consider the several grounds urged for a reversal in the order in which they are presented in the briefs, except that the fourth ground will be considered in place of the third, and the third ground will be considered last. In doing so, it seems advisable to state, as briefly as possible, the circumstances under which the collision occurred, and also to state the damages resulting therefrom.

It appears from the evidence that on the twenty-first day of September, 1926, at about the hour of 5:20 in the afternoon, plaintiff Bertha Mae Daniel was driving her husband's Ford coupe automobile in a northerly direction on the highway, known as the Sutter Basin Road, which extends between Sutter Basin and O'Banion Corners, Sutter County. There

were riding with her at the time of the accident a Mrs. Goetz and a Mrs. W. Holm. At the same time defendant was driving his Flint touring car in a westerly direction on the highway, known as the Tudor Road, which intersects the Sutter Basin Road at a point about two miles south of the O'Banion Corners. Mrs. Daniel had been driving at the rate of about fifteen to eighteen miles per hour, but as she entered the intersection she slowed down to approximately ten miles per hour, and had passed the center of the intersection by approximately eight feet when defendant drove his car into the intersection at a rate of speed of about forty miles per hour and crashed into the Ford coupe being driven by Mrs. Daniel. As a result of the collision, the Ford car was driven about forty feet northwesterly of where it was struck and landed bottom side up near the ditch alongside of the road.

At the time of the collision the sun was low and was shining directly in defendant's eyes as he drove in a westerly direction along the highway. The tracks of defendant's automobile, just after he reached the intersection, showed that he skidded for approximately fifty-three feet before hitting the Ford car and that he swerved slightly toward the north just before the collision.

As a result of the accident the Ford coupe was considerably damaged and Mr. Daniel incurred expenses in repairing it amounting to the sum of $185. Mrs. Daniel suffered a number of injuries as a result of the accident, sustaining a broken left arm, immediately below the elbow, the skin and flesh were torn from both sides of her left hand, the third finger of her left hand was broken in two places, the first break being between the first and second joints of that finger and the second break being where the bone of that finger was joined to her left hand; that the bones of the second finger of her left hand were broken in the hand; also, her neck was severely strained and she had a number of minor bruises on her body.

For medical and hospital services, X-rays, ambulance, and other expenses for a housekeeper and nurse an expense of $304.20 was incurred. Recovery of this amount is sought and further damages in the sum of $10,000.

Considering now the first ground urged for a reversal, it appears that one of the counsel for plaintiffs during the

impanelment of the jury, interrogated the jurors on their *voir dire* as follows:

"Q. I will ask the jurors if any of you own any stock in the Union Automobile Insurance Company? Mr. Davies: We object to that question on the ground it is irrelevant, immaterial and incompetent, and not pertaining to any issue in the case. The Court: I do not see that it would do any harm—no insurance company is a party to the action. Mr. Rich: It might be that they are financially interested in it, and if they are stockholders in the company it would certainly affect them under that subdivision of the section. Mr. Davies: We object to that on the grounds stated and ask that it be stricken out and the jurors instructed to disregard it. Mr. Rich: . . . Now, it is our claim that in the event that it could be shown that they are stockholders in the company I have mentioned, a verdict in favor of the plaintiffs would affect their interest . . . Mr. Davies: We object to that, and assign it as misconduct on the part of counsel." Following this, the court sustained the objection and instructed counsel not to ask questions along that line. Subsequently, in connection with further reference to the insurance matter, the court instructed the jurors to pay no attention to anything that had been said by the court or counsel bearing upon this matter, and directed them to disregard the matter entirely in their considerations and deliberations in all respects, saying, "that it was not a question for honest jurors to follow."

Subsequently, Dr. Hoffman, one of defendant's witnesses, after testifying to an examination of Mrs. Daniel, made by him shortly after the accident, on cross-examination, was asked at whose request he made the examination, and said that it had been made at the request of Mr. Ralph McCormick, insurance broker in the city of Marysville, but that he did not know the name of the company at whose request it had been made. No objection was made to this line of cross-examination. Immediately following it a letter written by Dr. Hoffman reporting the result of his investigation was offered in evidence, to which offer counsel for defendant said there was no objection.

█ It seems to be the settled law of this state that counsel may ask jurors such questions as may be reasonably necessary to ascertain whether they are free from bias or

interest that may affect their verdict. ▮ To this end it is proper for counsel, in good faith, to ask of each juror whether he is interested as an agent or stockholder or. otherwise in a specified casualty company. Or he may be asked the broad question whether he is interested in any insurance company insuring against liability for negligence. But counsel must take pains to propound such questions in such a manner as not necessarily to convey the impression that the defendant is in fact so insured. It is misconduct on the part of counsel for plaintiff in such actions so to frame his question that it goes beyond what is reasonably necessary to serve the legitimate purpose of eliciting the facts he is entitled to adduce in order to secure a jury free from bias or prejudice, if it is also apparent that the question may fairly be said to have the effect of serving the illegitimate purpose of prejudicing the jury by fixing in their minds the idea that the defendant is protected by insurance against liability for negligence. ▮ And if the amount of the verdict is large as compared with the nature of the injuries sustained, or the defendant's liability is a close question, such misconduct is prejudicial. and ground for reversal. (*Eldridge* v. *Clark & Henery Construction Co.*, 75 Cal. App. 516 [243 Pac. 43]; see, also, *Arnold* v. *California Portland Cement Co.*, 41 Cal. App. 420 [183 Pac. 171]; *Rinklin* v. *Acker*, 125 App. Div. 244 [109 N. Y. Supp. 125]; *Grant* v. *National etc. Co.*, 100 App. Div. 234 [91 N. Y. Supp. 805].)

▮ From these authorities it appears that it was not error to ask the jurors if they owned stock in the indemnity insurance company named. The subsequent statements in connection with the matter occurred during the conversation between the court and the respective counsel, but, it appears that in his conversation it was definitely stated by Mr. Rich that a verdict in favor of the plaintiffs would affect the interest of the jurors, if they were stockholders in such company. Obviously, this statement of Mr. Rich constituted misconduct and would constitute ground for reversal in the event that it is evident the verdict of the jury was influenced in any respect by such statement.

▮ The cross-examination of Dr. Hoffman was improper. In the case of *Eldridge* v. *Clark & Henery Const. Co., supra*, it is said:

"As going to the question of the credibility or the weight of his testimony, it would seem that it ought to be proper for plaintiff to show by cross-examination of a physician called by defendant to testify and who does testify that he had examined plaintiff's injuries and found that they were less serious in nature and effect than as claimed by plaintiff, that such physician had been specially employed by a surety company by which defendant was indemnified against the payment of any damages awarded against him to make such examination and state the result thereof to the jury. (See sec. 1868, Code Civ. Proc.) Such, however, is not the rule in this state, so our decisions seem to hold. (*McPhee* v. *Lavin,* 183 Cal. 264, 269 [191 Pac. 23] ; *Roche* v. *Llewellyn Iron Works Co.,* 140 Cal. 563 [74 Pac. 147].)"

As for the fourth ground for reversal urged by defendant that it was error to permit the testimony concerning the statement by defendant at the Tudor Mercantile Store to the effect that he "was late for supper and that he wanted them to hurry," even if it were error, it was not of sufficient importance to be prejudicial, but, rather, it seems that it would be more of a question of weight than of admissibility, as such statement, if made, would have a tendency to corroborate the testimony to the effect that defendant was driving at a rapid rate of speed just prior to the accident.

Considering now the question of the alleged negligence of the defendant and the contributory negligence of the plaintiff, we are satisfied that the finding of the jury in its verdict to the effect that the proximate cause of the accident was the negligence of the defendant, and that the plaintiff, Mrs. Daniel, was not guilty of contributory negligence is amply supported by the preponderance of the evidence. In this connection, the alleged error of the court in giving the instruction complained of, at plaintiffs' request, will be considered. The particular instruction is as follows:

"I instruct you that in this state contributory negligence is a defense, the burden of proving which rests upon the defendant and it is not incumbent upon the plaintiffs to establish affirmatively that they were free from negligence."

It is claimed that this instruction was erroneous for the reason that it did not contain the provision that, "un-

less it be shown or can be inferred from the evidence adduced in support of the plaintiffs' case." The instruction complained of is a correct statement of the law (*Howard* v. *Worthington*, 50 Cal. App. 556 [195 Pac. 709]; *Hall* v. *San Francisco*, 188 Cal. 641 [206 Pac. 459]), and does no more than inform the jury as to the question of the burden of proof. If defendant desired a further instruction to be given, he should have requested it, but, obviously, no harm could have resulted from the giving of this instruction.

The ground upon which contributory negligence is to be imputed is the failure of Mrs. Daniel to see the approach of defendant's automobile, even though she had not looked in the direction of its approach until a second or so before the collision, and as to this phase of the matter, the court instructed the jury, at the request of the defendant, as follows:

"I hereby charge you that, if the plaintiff, Mrs. Bertha Mae Daniel, in this action, at the time of the accident upon which said action is based was approaching or entering upon an intersection of the public highway, and if at said time she failed to look or looked and failed to see whether or not it was safe for her to drive her machine upon and across such intersecting highway, and if you find that such failure on the part of the plaintiff to look or to see the condition of the intersecting highway substantially contributed to the cause of the accident, then said plaintiff was guilty of contributory negligence and your verdict must be for the defendant."

Even if the jury were not instructed as is claimed by the defendant they should have been, it, nevertheless, appears that they were substantially told that if they found Mrs. Daniel guilty of contributory negligence, she could not recover, and taking all of the instructions together, the jury were fully informed as to the law necessary to guide them in reaching their verdict.

We will not consider whether, in view of the size of the verdict in favor of Mrs. Daniel, the amount thereof was based upon evidence properly before the jury, or, if any verdict at all should have been rendered in favor of plaintiffs, the rendition of such verdict in any amount was based upon the improper matters concerning the question

of insurance. We are satisfied that the facts of this case justify the verdict in favor of Mr. Daniel, and in some amount in favor of Mrs. Daniel, and that the improper matters concerning insurance may only be considered in connection with the amount of the jury's award to the latter. Considering the nature and extent of the injuries, the fact that the injury to her arm and hand are reasonably certain to be permanent, the suffering resulting from the accident; that she was still suffering some pain at the time of the trial; her age, she being thirty-two or thirty-three years old at that time; also, the fact that even further surgical and other operations, in all probability, will not correct the injuries to her arm and hand; and the further fact that the jury and court heard the witnesses and particularly observed the condition of Mrs. Daniel, and the jury having rendered their verdict in the amount stated; and the court, in denying a motion for a new trial, having, in effect, approved such verdict, we are not prepared to hold that, under the evidence in the case and the plain instructions of the court, the alleged misconduct or claimed errors referred to, resulted in prejudice to the rights of the defendant.

The judgment is therefore affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 20, 1929.