[Civ. No. 7836. First Appellate District, Division One.—September 26, 1931.]

ANNA VERONICA BEZERA, as Administratrix, etc., Plaintiff and Appellant, v. THE ASSOCIATED OIL CO. (a Corporation) et al., Defendants and Respondents; RED TOP CAB CO. (a Corporation) et al., Defendants and Appellants.

James F. Brennan and Carey Van Fleet for Plaintiff and Appellant.

Humphrey, Searls, Doyle & MacMillan and Morgan J. Doyle for Defendants and Appellants.

Hadsell, Sweet & Ingalls for Defendants and Respondents.

GRAY, J., *pro tem.*—Joseph L. Bezera, while riding as a passenger for hire in a taxicab, received fatal injuries in a collision between such taxicab and an oil truck; the collision occurring at the intersection of Fifteenth and Howard Streets, in the city of San Francisco. His widow, as administratrix of his estate, brought this action to recover damages for his death against The Associated Oil Co. (hereinafter called the Oil Company), the owner of the oil truck, and its employee W. T. Gay, the truck driver; and also against Red Top Cab Co. (hereinafter called the Cab Company), the owner of the taxicab, and its employee William Chene,

the taxicab driver. After trial, the jury returned its verdict awarding damages against the Cab Company and its employee, but absolving the Oil Company and its employee from liability. The Cab Company and its employee appeal from the entire judgment rendered on such verdict, and the administratrix appeals from that portion of such judgment which absolves the Oil Company and its employee from liability.

The Cab Company and its employee argue: 1. That quoted portions of the testimony conclusively establish that the truck driver, in making a left turn at the intersection, was negligent *per se* because it conclusively shows that he drove on the wrong side of Howard Street, failed to yield the right of way to the taxicab, cut the corner and a traffic button, in violation respectively of sections 122, 131 and 129 of the California Vehicle Act and sections 14 and 15 of Traffic Ordinance Number 8492, new series, of the city and county of San Francisco. 2. That such testimony further conclusively shows that such negligence was a proximate cause of the accident. 3. That therefore the verdict, by absolving the Oil Company and its employee from liability, is contrary to law and the evidence. However, other portions of the testimony quoted by the other parties raised a conflict on these issues, as to which the verdict is conclusive. (*Dougherty* v. *Ellingsen*, 97 Cal. App. 87 [275 Pac. 456].) Furthermore, even if it is conceded that the jury wrongfully exonerated the Oil Company and its employee, the Cab Company and its employee were not aggrieved thereby, because the liability of the defendants was joint and several and hence they cannot complain. (*Blackwell* v. *American Film Co.*, 189 Cal. 689 [209 Pac. 999]; *Blackwell* v. *American Film Co.*, 48 Cal. App. 681 [192 Pac. 189]; *Crabbe* v. *Rhoades*, 101 Cal. App. 503 [282 Pac. 10].)

The court instructed the jury ''that a common carrier of passengers for hire is required to exercise the highest degree of care and diligence in their safe transportation and is responsible for the death of a passenger, without fault on his part, which death might have been avoided by the exercise of such care. Hence, when it is shown that the death of a passenger for hire was caused by the act of the common carrier in operating the instrumentalities employed in its business, there is an inference of negligence, which throws

upon the common carrier the burden of showing that the injury was sustained without negligence on its part.'' The Cab Company contends that this instruction is legally erroneous: 1. Because it is not a common carrier. 2. Because this instruction, in connection with others, advised the jury it was an insurer of the passenger's safety. 3. Because it applied the doctrine of *res ipsa loquitur*. 4. Because it is deficient in failing to define the ''highest degree of care and diligence''. ■ A taxicab company, holding itself out to serve those who apply for transportation, is a common carrier and as such is held to the highest degree of care, and the doctrine of *res ipsa loquitur* is applicable in an action by the passenger. (See extended notes in 4 A. L. R. 1501; 31 A. L. R. 1206; 45 A. L. R. 303; 69 A. L. R. 992.) ■ The answer of the Cab Company, by failure to deny, admits that it was engaged in the business of carrying passengers for hire within and about San Francisco and that decedent was riding as a passenger for hire. This admission would seem to bring the Cab Company within the definition of a common carrier found in section 2168 of the Civil Code. Even if it does not go so far, it clearly admits it was a carrier for reward and therefore, since the instruction merely imposed the duty prescribed by section 2100 of the same code as to a carrier for reward, the inclusion of the adjective ''common'' was not prejudicially erroneous.

■ It was the primary duty of the taxicab driver to exercise, with respect to decedent's safety, the highest degree of care, and the court properly instructed that the doctrine of *res ipsa loquitur* was applicable. (*Dowd* v. *Atlas T. & A. Service,* 187 Cal. 523 [202 Pac. 870].) ■ The last sentence of the instruction did not tell the jury that the burden of proof as to negligence shifted from the administratrix to the Cab Company, but correctly stated that the proof of death raised an inference of negligence, which the Cab Company could only overcome by showing that it was not at fault. (Compare approved instruction in *Dowd* v. *Atlas T. & A. Service, supra; Scarborough* v. *Urgo,* 191 Cal. 341 [216 Pac. 584].) Any doubt on the matter was removed by other instructions that plaintiff affirmatively alleged that the Cab Company was negligent, that the burden of proof as to affirmative allegations of the complaint rested upon plaintiff, and that if the evidence was equally balanced, the

verdict should be against the party upon whom rested the burden of proof. ■ It was not necessary to define the phrase "highest degree of care and diligence" because the jury is presumed to understand its meaning. (24 Cal. Jur. 824.) In the absence of a request for its definition, the Cab Company cannot complain. (24 Cal. Jur. 797.) ■ The Cab Company and its employee cannot complain that certain instructions unduly favored their co-defendants. (*Crabbe* v. *Rhoades, supra.*)

■ At the request of the Oil Company and its employee, the court gave the following instruction: "The fact that the truck driver W. T. Gay might have performed or omitted *certain acts* which would have avoided the collision does not prove that his failure to do so was negligence, and neither does it establish that any such acts or omissions would constitute a proximate cause of the injury and death of the deceased." (Italics ours.) With the addition of the truck driver's name, this instruction is an excerpt taken from *Sharkey* v. *Sheets,* 87 Cal. App. 99, 102 [261 Pac. 1049]. Administratrix does not question the correctness of the legal principle therein stated, but seeks a reversal of the judgment in favor of the Oil Company and its employee upon the sole ground that the italicized words make it an instruction with respect to matters of fact, which article VI, section 19, of the state Constitution prohibits. To support this contention, she argues that, while it is not clear what "certain acts" are referred to, yet since the court might have referred to the truck driver's failure to have his headlights lit and to see that the left-hand turn could be made in safety (as to which the testimony was conflicting), it, by instructing the jury that such acts could not be negligence or the proximate cause, invaded the jury's exclusive province of passing on the facts. This argument, based on conjecture and speculation, clearly demonstrates that the charge did not assume the existence or nonexistence of any disputed fact. ■ An instruction is not open to the objection that it assumes facts proven or not proven, when it merely asserts an abstract legal proposition without attempting to apply it to the facts of the particular case. (*People* v. *Lawrence,* 143 Cal. 148 [68 L. R. A. 193, 76 Pac. 893].) A careful reading shows the instruction to be an abstract statement of law, wholly impersonal, and not assuming any fact. "The courts

do not lightly adopt the conclusion that instructions are subject to the attack under consideration. The charge must be sustained affirmatively by the person making it. We cannot say, in this instance, that the charge is sustained.'' (*Garrison* v. *Pearlstein*, 68 Cal. App. 326, 332 [229 Pac. 348, 350].)

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 26, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 23, 1931.