[Crim. No. 2160. Second Appellate District, Division One.—April 21, 1932.]

THE PEOPLE, Respondent, v. JAMES J. WILLISON, Appellant.

James J. Willison, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant was convicted of burglary in two cases which were consolidated for trial. The informations charged certain prior convictions. Upon appeal to this court it was determined that the verdicts of conviction should be sustained, but that the defendant was entitled to a new trial upon the issues with respect to certain former convictions. Therefore, it was ordered that the order denying defendant's motion for a new trial, with respect to the alleged prior convictions in the Superior Court of the County of Sonoma and in the Superior Court of the County of Alameda, and defendant's service of terms of imprisonment thereon, and as to those matters only, be reversed. It was directed that upon completion of the disposal by new trial or otherwise of said issues relating to former convictions in the county of Alameda and in the county of Sonoma, the trial court pronounce and enter judgment as prescribed by law. (*People* v. *Willison,* 116 Cal. App. 157 [2 Pac. (2d) 543].)

Thereafter, in due course, said issues thus sent back for trial were again tried in the superior court and verdicts were returned finding that said charges of prior conviction and of service of terms of imprisonment therefor were true. Thereupon, the court pronounced judgment in accordance with the instructions given by this court in its decision of the former appeal. Appellant again moved for a new trial, which motion was denied, and he now appeals from the judgment and from the order denying the said motion for a new trial.

The grounds of appeal as set forth in the brief for appellant are as follows: (a) That the judgment is erroneous in failing to fix the punishment as an habitual criminal. (b) That the accused cannot be charged with the crime of prior conviction of "petit larceny with prior conviction", and that said prior conviction cannot be set up in the information or indictment. (c) That the identification of defendant as the person convicted in the two prior cases is uncertain. (d) That the defendant was absent from court during a part of the examination of one of the witnesses at the trial.

The judgment was in correct form in accordance with the provisions of the Penal Code in relation to such

matters. (Sections 644, 666 and 1168.) ■ We think that there is no merit in the point that accused could not be charged with the crime of prior conviction of "petit larceny with prior conviction", or the claim that it was error to set up such prior conviction in the information or indictment. The right and duty of the court to determine such an issue is established by provisions of sections 666 and 667 of the Penal Code. Moreover, the proceeding was directly in obedience to the judgment of this court on the former appeal. ■ The third point, wherein appellant claims that his identification as the person convicted in the two prior cases is uncertain, is also without merit. The evidence was sufficient to sustain the verdict, and that is conclusive of the matter. ■ We have read those pages of the transcript to which appellant refers in relation to his claim that he was not present in court while the witness Nuremberg testified. The only record relating to this matter apparently is contained on page 68 of the reporter's transcript. During the time of cross-examination of the witness by defendant's counsel this occurred: The Court: "The defendant is not in court. Wait. The defendant is not in court." Mr. McKay: "These are which ones?" The Court: "One dropped on the floor." Mr. McKay: "These are which ones individually?" The Court: "You dropped something on the floor. Proceed. The defendant is in court." This does not show that any proceedings in the trial occurred during absence of the defendant.

■ In connection with his appeal appellant has filed herein an application to be permitted to take additional evidence concerning facts occurring, as he claims, and discovered, after the trial and prior to the decision of this appeal. He contends that by the provisions of article VI, section 4¾, of the Constitution of California, and section 956a of the Code of Civil Procedure, this court is authorized to take such evidence in this case. We do not so understand the law. The said section of the Constitution is limited by its own terms to cases "where trial by jury is not a matter of right or where trial by jury has been waived". Section 956a of the Code of Civil Procedure follows the Constitution in the use of these same words. It was not intended that the Court of Appeal or the Supreme Court should be permitted to make findings of fact and thereby

change verdicts rendered in jury trials. (Cal. Jur. 1930 Supp., p. 87; *Syfert* v. *Solomon,* 95 Cal. App. 228 [272 Pac. 810]; *Kirk* v. *Culley,* 202 Cal. 501, 508 [261 Pac. 994].)

The application of appellant for permission to take additional evidence is denied. The order denying defendant's motion for a new trial is affirmed. The judgment from which defendant appeals is affirmed. The appeal from the verdicts of the jury is dismissed. The appeal from the "order of the court denying to defendant to reopen the cause in chief and allowing him to introduce witnesses in that behalf" is dismissed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 2, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 19, 1932.