[Civ. No. 9827. First Appellate District, Division Two.—November 5, 1935.]

E. ROBINSON, Respondent, v. M. WADA, Appellant.

Cornish & Cornish for Appellant.

Stanford G. Smith and F. M. Ostrander for Respondent.

SPENCE, J.—Plaintiff sought to recover damages for personal injuries sustained when struck by the automobile of defendant. Upon a trial by jury, plaintiff had judgment, from which judgment defendant appeals.

It was practically conceded in the trial court that plaintiff sustained his injuries as a result of the negligence of the driver of the automobile and without fault on the part of plaintiff. The real issue was whether said automobile was being driven by defendant Wada at the time or, as claimed by said defendant, said automobile was being driven by some other person who had stolen the same. The evidence was conflicting upon this issue.

The accident occurred after 11 P. M. on August 13, 1933, in the city of Watsonville. Plaintiff produced two witnesses who claimed to be able to identify defendant as the driver of the car. Each of said witnesses admitted that he looked at the driver of the car for only about one second as said driver left the car and fled from the scene of the accident. On the other hand, defendant produced seven witnesses to prove that defendant was not driving the car at the time. The jury, however, resolved the conflict in favor of plaintiff.

Before discussing the appeal on its merits, we should dispose of the motion made by appellant in this court for leave to take additional evidence. Appellant sought such leave for the purpose of showing that since the trial of the

cause, respondent had been convicted of a felony and to further show that since the trial of the cause, one Yutaka Nakamura had been arrested and had confessed that he had stolen appellant's automobile on the night in question and was driving the same at the time of the accident. Respondent opposed the granting of said motion upon the ground that the cause was tried by a jury and that in such cases, an appellate court may not take additional evidence. (*People* v. *Myers*, 122 Cal. App. 675 [10 Pac. (2d) 498]; *People* v. *Willison*, 122 Cal. App. 760 [10 Pac. (2d) 766]; *Syfert* v. *Solomon*, 95 Cal. App. 228 [272 Pac. 810].) The authorities cited clearly sustain respondent's position. The motion must therefore be denied and it is so ordered.

▮ Appellant contends that the judgment should be reversed because of prejudicial misconduct on the part of counsel for respondent. The main charge of misconduct centers around the references to insurance made by counsel for respondent in the examination of the jurors. We may first refer to the reasoning found in the authorities dealing with this subject.

While the probable prejudice resulting from any reference to insurance in an action for damages is universally recognized, it is likewise recognized that a plaintiff is entitled to a fair and impartial jury. Therefore the rule permitting counsel to ask in good faith whether a prospective juror is interested in a particular insurance company or in any insurance company has been established as a rule of necessity. The authorities, however, have quite definitely limited the scope of the examination along this line. Reference may be made here to the exhaustive discussion of this subject in *Arnold* v. *California Portland Cement Co.*, 41 Cal. App. 420 [183 Pac. 171]. The court there said on pages 425 and 426: "But counsel must take pains to propound such questions in such a manner as not unnecessarily to convey the impression that the defendant is in fact so insured. · It is misconduct on the part of counsel for plaintiff in such actions so to frame his question that it goes beyond what is reasonably necessary to serve the legitimate purpose of eliciting the facts he is entitled to adduce in order to secure a jury free from bias or prejudice, if it is also apparent that the question may fairly be said to have the effect of serving the illegitimate purpose of prejudicing the jury by fixing in their minds the idea that

the defendant is protected by insurance against liability for negligence. . . . Asking a juror whether he is interested in a specified casualty company, or, generally, in any insurance company, if the question be propounded in good faith, may be necessary in order to insure the plaintiff a body of jurors unbiased by any connection in favor of the party really interested in the defense of the action. But beyond this it is neither necessary nor proper to go. It is not permitted to counsel, under the guise of testing their qualifications as jurors, to go beyond what is necessary to insure a body of unbiased jurors and seek to create the impression that an insurance company, and not the defendant in the case, will be called upon to respond to such damages as the jury may assess. When questions propounded to prospective jurors overreach the limit, they may prove unprofitable to the party asking them.''

The Arnold case has been cited with approval on numerous occasions (*Citti* v. *Bava*, 204 Cal. 136 [266 Pac. 954] ; *Robbins* v. *Roques*, 128 Cal. App. 1 [16 Pac. (2d) 695] ; *Dermer* v. *Pistoresi*, 109 Cal. App. 310 [293 Pac. 78] ; *Curtis* v. *McAuliffe*, 106 Cal. App. 1 [288 Pac. 675] ; *McVea* v. *Nickols*, 105 Cal. App. 28 [286 Pac. 761] ; *Dougherty* v. *Ellingson*, 97 Cal. App. 87 [275 Pac. 456] ; *Daniel* v. *Asbill*, 97 Cal. App. 731 [276 Pac. 149] ; *Sharkey* v. *Sheets*, 87 Cal. App. 99 [261 Pac. 1049] ; *Eldridge* v. *Clark & Henery Const. Co.*, 75 Cal. App. 516 [243 Pac. 43] ), and in *Curtis* v. *McAuliffe*, 106 Cal. App. 1 [288 Pac. 675], the court said on page 12 : ''The rule established in those cases goes far enough, and we cannot approve any extension of it.''

In the present case counsel for respondent propounded to numerous jurors proper questions on the subject under discussion. In certain instances, questions regarding insurance were practically the only questions asked of these jurors. When counsel examined Mrs. Rose M. Hoover, the following questions were asked and following answers were given : ''Q. You are not financially interested in the State Farm Mutual Insurance Company of Bloomington, Illinois? A. My car is insured in that. Q. In that company? A. Yes. . . . Q. Would the fact that your car is insured in this company, do you think that would tend or cause you to lean in their favor a little bit? A. I don't see why it would.'' Counsel for appellant objected after the answer was given. The objec-

tion was sustained and the jury was admonished. In examining Mrs. Maude C. Evans, the following questions were asked and the following answers were given: "Q. Are you or any of your family, interested financially in the State Farm Mutual Insurance Company of Bloomington, Illinois? A. I cannot say positively, Mr. Evans attends to that business, but if the line is carried by the Farmers Cooperative Exchange, I think the car is insured in that company. Q. I am almost sure that is the Farmers Inter-Exchange Insurance Company of Los Angeles, you are speaking of, at any rate no matter what it is would that have any bearing on your sitting in this action? A. No."

We are of the opinion that the foregoing examination went beyond what was reasonably necessary to serve the legitimate purpose for which questions may be asked regarding the possible interest of the juror in an insurance company. In the case of Mrs. Hoover, counsel asked her if the fact that she was insured in "this company" (State Farm Mutual Insurance Company) would cause her to "lean in their favor a little bit". In the case of Mrs. Evans, counsel asked her if the fact that she might be insured in State Farm Mutual Insurance Company would have any bearing on her sitting "in this action". In both instances counsel directly implied that appellant was insured in said insurance company and that said company rather than appellant would be required to respond to any verdict that might be rendered. We cannot place the stamp of approval on this line of questioning as it could only serve the illegitimate purpose of unduly impressing upon the minds of the jurors the idea that the defendant was protected by insurance. We therefore conclude that counsel overstepped the bounds of propriety and was guilty of misconduct.

The further inquiry arises as to whether such misconduct was prejudicial. In pursuing this inquiry, we are fully aware of the numerous cases in which judgments have been affirmed despite such misconduct where the question of liability was not a close one and where the damages awarded were not disproportionate to the injuries received. This seems to be the accepted test in determining whether such judgments may be affirmed under section 4½ of article VI of the Constitution. (*Robbins* v. *Roques, supra; Eldridge* v. *Clark & Henery Const. Co., supra; Arnold* v. *California Port-*

*land Cement Co., supra; Dougherty* v. *Ellingson,* 97 Cal. App. 87 [275 Pac. 456]; *Daniel* v. *Asbill,* 97 Cal. App. 731 [276 Pac. 149]; *Girard* v. *Irvine,* 97 Cal. App. 377 [275 Pac. 840].) But here the question of liability was, to say the least, a close one. Seven witnesses testified in favor of appellant on the principal issue before the jury while but two testified in favor of respondent. This does not necessarily mean that there was a preponderance of the evidence in favor of appellant as that term is used in law, but it does indicate that any such misconduct might well have played a definite part in improperly influencing the jury. As was said in *Squires* v. *Riffe,* 211 Cal. 370, at page 374 [295 Pac. 517], quoting with approval from *Citti* v. *Bava, supra,* ''The natural tendency of a line of examination that suggests to the jury that the defendant is indemnified against any judgment for damages against him is highly prejudicial to his rights, especially in a closely balanced case where the evidence otherwise would be easily sufficient on appeal to support a verdict either for the plaintiff or for the defendant.'' We are of the opinion that the record before us discloses a case where the misconduct must be treated as prejudicial to the rights of appellant.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 2, 1936.