[Civ. No. 3002. Fourth Dist. Feb. 17, 1942.]

ALAN BLANCHARD, Respondent, v. W. L. NORTON et al., Appellants.

Hoge, Pelton & Gunther and A. Dal Thomson for Appellants.

Richard Wagner for Respondent.

MARKS, J.—This is an appeal from a judgment against defendants for injuries received in a collision between an automobile being driven south on Highway 99 by plaintiff and one belonging to defendants and being driven by W. L. Norton from the east to the west side of the highway to enter a private driveway into the Hansen Auto Court. The accident happened about nine o'clock on the morning of November 24, 1939. The roadway was dry and visibility good.

At the point of the accident, Highway 99 consisted of a paved three-lane road with wide oil macadam shoulders on both sides. Just north of the driveway into the Hansen Auto Court there was a twenty-five-mile speed sign, facing north, on the west side of the highway. The evidence shows that for a distance of one-quarter of a mile south of this sign there were only nine buildings on the west side of the highway that came within the limitations provided in section 90.1 of the Vehicle Code. There were no structures on the east side of the highway.

Plaintiff testified that at the time of the accident he was driving his automobile south in the west traffic lane of the highway at a speed of between 40 and 50 miles per hour; that he kept a lookout for vehicles ahead of him; that he saw the Norton automobile when it was between one and two thousand feet from him; that it was traveling north with its right wheels on the edge of the east macadam shoulder and its left wheels in the east traffic lane; that when Norton was about opposite the driveway, and between one hundred twenty-five and one hundred fifty feet distant from the Blanchard car, he turned sharply to his left, heading toward the auto court driveway and proceeded on his course across the highway directly in the path of the oncoming car; that when Blanchard saw this movement he applied his brakes and swerved his car to his right; that the left front of his car came into collision with the right front of the Norton car; that at the time of the collision the Norton car was headed west with its front wheels on the west macadam shoulder and its rear wheels in the west traffic lane. Plaintiff further testified that he continually observed the Norton car as it proceeded north and turned west across the highway; that Norton gave no arm signal indicating his intention to make the turn.

This evidence is contradicted in but two particulars. Norton testified he gave an arm signal before making the turn,

and a witness estimated the speed of plaintiff's car at between fifty and fifty-five miles an hour at a point about five hundred feet north of the place of the collision.

Norton testified that he saw plaintiff's car traveling south in the west traffic lane when it was about three hundred yards distant from him; that he did not continue to observe this automobile but looked for vehicles approaching from the south and did not again see the Blanchard car until just before the impact.

Appellants admit the negligence of Norton. The necessity of this concession is obvious from the statement of facts.

■ Defendants complain of the refusal of the trial judge to give an instruction proposed by them to the effect that it was the duty of the driver of a motor vehicle to keep a vigilant lookout for other vehicles on the highway and that the failure to do so was negligence. This instruction should have been given, as we find no other in the record that exactly covers this subject. However, we cannot regard the failure to give the instruction so prejudicially erroneous as to require a reversal of the judgment. The evidence shows that the plaintiff maintained a sufficiently vigilant lookout to observe defendants' car as it approached him and crossed the highway ahead of him, while Norton admitted that after seeing plaintiff's car approching three hundred yards away he looked away and did not see it again until about the moment of impact. If the proposed instruction had been given it would have pointed to an added act of negligence on Norton's part. The error does not afford ground for reversal under the provisions of section 4½ of article VI of the Constitution.

■ Defendants proposed an instruction defining contributory negligence which was not given. While we believe it would have been better practice to have given this instruction we can find no serious prejudice in failing to do so because of other instructions given. The trial judge properly defined negligence and instructed the jury as follows:

"If you find that plaintiff was negligent, you then must determine a fourth issue, namely:

"Did that negligence contribute in any degree as a proximate cause of the accident?

"If you find that it did, your verdict must be for the defendant."

We believe the foregoing instruction sufficiently covered the question of contributory negligence so that the jury was not misled by the failure to give the requested instruction.

The following instruction was given at the request of the plaintiff:

"To establish the defense of contributory negligence the burden is upon the defendant to prove by a preponderance of evidence that the plaintiff was negligent and that such negligence contributed in some degree as a proximate cause of the injury."

Defendants complain that this instruction omitted the element that contributory negligence may be proved by the evidence offered by plaintiff and that it was therefore incomplete.

We may assume the soundness of this argument and still cannot reverse the judgment. The instruction was a correct statement of the law in so far as it went. (*Richmond* v. *Moore*, 103 Cal. App. 173 [284 Pac. 681].) If defendants desired a further instruction on the subject it was their duty to request it. This they failed to do. (*Daniel* v. *Asbill*, 97 Cal. App. 731 [276 Pac. 149].)

The trial court in its instructions quoted the various sections of the Vehicle Code bearing on *prima facie* speed limits, signs, and the different districts, including section 758 of that code which provides as follows:

"Every highway shall be conclusively presumed to be outside of a business or residence district unless its existence within a business or residence district is established by clear and competent evidence as to the nature of the district and unless such district is duly signposted when and as required by this code."

Defendants now maintain this was error and argue that the existence of the twenty-five-mile sign on the west side of Highway 99, just north of the driveway into the Hansen Auto Court, in itself established the *prima facie* limit of twenty-five miles per hour for vehicles passing that sign in a southerly direction regardless of the density of structures on that portion of the road.

We regard this contention as entirely without merit as section 758 of the Vehicle Code is clear and unambiguous and not subject to judicial interpretation. It is a virtual reenactment of subdivision "C" of section 28½ of the for-

mer California Vehicle Act. Therefore judicial construction placed on the former section applies to the reenactment. (*Harris* v. *Barlow,* 180 Cal. 142 [179 Pac. 682]; *Lightner Mining Co.* v. *Lane,* 161 Cal. 689 [120 Pac. 771, Ann. Cas. 1913C, 1093].) The earlier enactment was construed in *Cunningham* v. *Cox,* 126 Cal. App. 685 [15 Pac. (2d) 169], where it was said:

"It is therefore clear that no road is deemed to be within a 'business or residence district' for the purposes of the act unless it appears first, that there is within the district the required density of structures, and second, that the district is signposted 'at the boundary lines' thereof; and if the uncontradicted testimony affirmatively shows either an insufficient density of structures within the alleged district or a failure to post signs at the 'boundary lines' of the alleged district, then the district is outside of a 'business or residence district' for the purposes of this act." (See, also, *Wheeler* v. *Buerkle,* 14 Cal. App. (2d) 368 [58 Pac. (2d) 230].) A similar construction was put upon the section, 758 of the Vehicle Code, in *Cavalli* v. *Luckett,* 40 Cal. App. (2d) 250 [104 Pac. (2d) 708].

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied March 18, 1942, and appellants' petition for a hearing by the Supreme Court was denied April 16, 1942.