[Civ. No. 17787. First Dist., Div. Two. Apr. 29, 1958.]

MARGARET FOWLER, Appellant, v. GEORGE HENRY CALLIS et al., Respondents.

Benjamin F. Marlowe for Appellant.

James C. Calkins for Respondents.

KAUFMAN, P. J.—The plaintiff, Margaret Fowler, appeals from a judgment entered on a jury verdict in favor of the defendants in an action for personal injuries. She urges the following errors on appeal: (1) the verdict is not supported by the evidence; (2) the trial court abused its discretion in sustaining the defendant's objection to the introduction of certain evidence; (3) the trial court erroneously instructed the jury; (4) defense counsel's reference to an insurance company constituted prejudicial error.

On the morning of April 26, 1955, at about 10:55 a. m., the plaintiff, a 37-year-old woman, was a pedestrian waiting for a bus near the intersection of 24th and Harrison Streets in Oakland. The garage of the defendants, Dempsey and Saunders, is located at that intersection. The plaintiff was standing on the south sidewalk of 24th Street, leaning against the bus stop sign, which was located in front of the defendant's garage, about 100 feet from the intersection.

On the morning of April 26, the defendant, Max Wrigglesworth, an employee of Dempsey and Saunders, had begun to install seat covers in a 1950 Chrysler automobile owned by the defendant, George H. Callis, an employee of the Stafford Ink Company. Callis died before the trial and the case against him and that against the ink company were dismissed. Wrigglesworth drove the Callis vehicle around the block from the service garage on Harrison Street, to 24th Street, and parked it facing west, partially on the sidewalk and partially on the street, with the front of the car beyond the garage doors, and about 25 feet from the bus stop sign. He engaged the emergency brake, left the keys in the ignition, and left the vehicle in gear, but did not inform Callis, who was around, of these facts. While Wrigglesworth was working on the front seat covers, Callis arranged samples in the car and brushed the cushions.

After finishing the front seat, Wrigglesworth went inside the garage to work on the rear cushions. Callis then got into his automobile apparently to turn on the heater. According to several eyewitnesses, the automobile veered backward

in a straight line at considerable speed and struck the metal bus stop sign. The plaintiff was knocked down by the metal pole of the sign which fell on her, and pinned her under the car. The car left skid marks as follows: right rear wheel 20 feet; left rear wheel 12 feet, leading eastward. After the accident, the automobile, which had a standard shift, was in reverse gear. Plaintiff sustained serious and critical injuries, including a skull fracture and other permanent brain injury.

As the uncontroverted evidence shows that the vehicle was parked in violation of Vehicle Code, section 586, and plaintiff was clearly within the protection of that statute, the only question about the sufficiency of the evidence is whether the defendant's conduct was the proximate cause of the injury. (*Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581 [177 P.2d 279].) Plaintiff maintains that defendant's conduct was a concurrent proximate cause of the accident. ██ " 'The sequence of facts, one to another and the relation of negligent precipitous acts . . . and the determination of whether the causation was independent or concurrent are questions of fact.' " (*Burke* v. *W. R. Chamberlin & Co.*, 51 Cal.App.2d 419 at 423 [125 P.2d 120].) ██ Defendant's negligent act need not be the sole cause of the injury; it is enough if it is a legal cause. (*Merrill* v. *Los Angeles Gas & Elec. Co.*, 158 Cal. 499 [111 P. 534, 139 Am.St.Rep. 134, 31 L.R.A.N.S. 559].) ██ On the issue of proximate cause, our Supreme Court said in *McEvoy* v. *American Pool Corp.*, 32 Cal.2d 295 at 298 and 299 [195 P.2d 783]:

"The following rules from the Restatement of Torts with respect to proximate causation have been approved in California (*Mosley* v. *Arden Farms Co.*, 26 Cal.2d 213, 219 [157 P.2d 372, 158 A.L.R. 872]; *Stasulat* v. *Pacific Gas & Elec. Co.*, 8 Cal.2d 631, 637 [67 P.2d 678]), and are applicable in the present situation:

"Section 447—'The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if (a) the actor at the time of his negligent conduct should have realized that a third person might so act.'

"Section 449—'If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal

does not prevent the actor from being liable for harm caused thereby.'

"Section 453, comment (a): 'If the facts are undisputed, it is usually the duty of the court to apply to them any rule which determines the existence or extent of the negligent actor's liability. If, however, the negligent character of the third person's intervening act or the reasonable foreseeability of its being done is a factor in determining whether the intervening act relieves the actor from liability for his antecedent negligence, and under the undisputed facts there is room for reasonable difference of opinion as to whether such act was negligent or foreseeable, the question should be left to the jury.' "

■ In the light of the foregoing we cannot agree with the plaintiff that the defendant is liable as a matter of law. The question of proximate cause was one of fact properly left to the jury. (*Mosley* v. *Arden Farms,* 26 Cal.2d 213 [157 P.2d 372, 158 A.L.R. 872]; *Fennessey* v. *Pacific Gas & Elec. Co.,* 20 Cal.2d 141 [124 P.2d 51].) While the facts here present close questions on the matter of concurring cause and proximate cause, the jury was thoroughly and properly instructed. We cannot agree that the finding of the jury was without evidentiary support or that there were any errors in the court's instructions to the jury.

■ Plaintiff next argues that it was prejudicial error not to allow in evidence the coat worn by her at the time of the accident and not to permit the jury to inspect the scene of the accident. These matters were within the sound discretion of the trial court and we can find no abuse of such discretion.

■ Plaintiff's final contention is that the following statement by defense counsel constitutes prejudicial error:

"Now Mr. Marlowe did these two things on this one point, and it is a misstatement and it is a misrepresentation, and I am going to show you why. He said, 'The only reason I filed this action against Callis and the estate or joined him in this other action'—it doesn't make any difference—was to get this statement in that the Judge twice ruled was inadmissible. The statement of Callis that Callis gave to the officer at the scene. And he referred to it and then he said, 'I doubt if that action against the estate of Callis will ever go to trial or will be tried.' Mr. Marlowe stood here and told you that when he knew that Mr. Callis was covered by insurance at the time of the accident, and that insurance inures to the benefit of the

estate of Callis, and he told you the only reason he filed this action——

"MR. MARLOWE: Just a moment. If I would say something like that would be a mistrial. You know you can afford to say something like that, and——

"MR. VAN SICKLEN: Just a minute. You object to the Court.

"MR. MARLOWE: I sat here and listened to you do one thing after another that was wrong. There are some things I can't answer, and you know it.

"MR. VAN SICKLEN: Isn't that the truth, Mr. Marlowe?

"THE COURT: Gentlemen——

"MR. VAN SICKLEN: Isn't that the truth?

"MR. MARLOWE: I——

"THE COURT: Wait a minute now.

"MR. MARLOWE: I know we can't get beans out of that estate, if you want to know the truth about it, go check.

"THE COURT: Don't——

"MR. VAN SICKLEN: You know the name of the company and you know the coverage.

"MR. MARLOWE: I know of no such company.

"MR. VAN SICKLEN: Pacific Employers, and I told you several times over the telephone.

"MR. MARLOWE: There are more things than insurance companies. When I get through arguing this case you will be convinced to that.

"THE COURT: Gentlemen, let's proceed with the argument and not have this controversy."

Aside from the above quoted colloquy plaintiff made no objection or request for an instruction that it be disregarded. She therefore waived the error if any.

██ The case relied upon by the plaintiff on this point, *Robinson* v. *Wada*, 10 Cal.App.2d 5 [51 P.2d 171], involved the improper questioning of a juror on *voir dire* and indicating to the jury at that time the defendant was insured. While plaintiff's point that the rule can apply equally to improper references by defense counsel is well taken, we do not think the reference improperly influenced the jury here. The reference was not to the fact that the defendant in this action was indemnified for liability, but rather that the defendant in another action filed by the same plaintiff was insured. Plaintiff herself called the attention to the jury to the existence of the action against Callis. We do not think that the remarks of

defense counsel were of that wilful or persistent nature which is necessary to constitute reversible error. (*Willoughby* v. *Zylstra*, 5 Cal.App.2d 297 [42 P.2d 685].) We must also give weight to the fact that plaintiff's motion for a new trial was denied, indicating that the trial court did not think the jury was prejudicially influenced. (*Tellefsen* v. *Key System Transit Lines*, 158 Cal.App.2d 243, 247 [322 P.2d 469].)

In view of the foregoing it is clear that the verdict and judgment is supported by the record before us and that no prejudicial error appears.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.

A petition for a rehearing was denied May 29, 1958.